### ARGUED AND DETERMINED

###### IN THE

# SUPREME JUDICIAL COURT

###### OF

# MASSACHUSETTS.

---

HENRY S. BLACKWELL *vs.* OLD COLONY RAILROAD COMPANY.

Barnstable.   January 23, 1877.   MORTON & ENDICOTT, JJ., absent.

No action lies to recover damages for the obstruction of a navigable stream by the building of a bridge across the same, whereby the owner of a parcel of land and a wharf above the bridge is prevented from coming to the wharf from the sea in vessels, although his wharf is the only one above the bridge used for business purposes, and he is thereby compelled to abandon the use of his wharf for such purposes, and to transport his goods by land at an enhanced expense.

TORT. The declaration contained ten counts. The first alleged that the plaintiff, before and at the time of the committing of the grievances hereinafter mentioned, was, and from thence hitherto has been, and still is the owner, and lawfully possessed of a certain parcel of land, [which was described by metes and bounds,] situated in that part of Sandwich called Monument, on the Monument River, a navigable stream, and arm of the sea, in the county of Barnstable, including the wharf, lying adjoining thereto on said river, together with all privileges and appurtenances thereto belonging; that his occupation, among other things, was that of master-mariner and coaster, and of buying and selling and transporting in vessels, by water, flour, grain, wood and various kinds of goods, wares and merchandise, to and from his land and wharf, and to and from vari

VOL. VIII.                    1

ous ports, and used said land and wharf for landing, shipping and storing said grain, flour, wood and various other kinds of goods, wares and merchandise, and for mooring vessels, and for other purposes for which a wharf is usually used; that he charged storage on goods landed on said wharf, and in various ways derived a large income from said business; that the vessels used in transporting said wood, flour, grain, goods, wares and merchandise, had masts and were duly enrolled or licensed according to law; that he was entitled to the free and unobstructed navigation of said river, and to use said land and wharf for the purposes aforesaid, and for all lawful purposes; that the defendant, contriving, and fraudulently and wrongfully, unjustly and unlawfully intending, to injure him, and to prevent him from using his said land and wharf, and to prevent his navigating said river, and to otherwise damage him and his said land and wharf, on or about June 6, 1873, wrongfully, unjustly and unlawfully built, or caused to be built and constructed a bridge, without a draw, across said river, below said land and wharf, and between it and the sea, and so low and near the river as to prevent the plaintiff from navigating said river and using said land and wharf as aforesaid; that the defendant refused and neglected, and still refuses and neglects to provide a draw in and for said bridge, although often requested so to do by the plaintiff; that, by reason of the building and constructing of said bridge, he has been prevented from using his said land and wharf, for the purposes of trading and landing and shipping grain, flour, wood and various other kinds of goods, wares and merchandise, and storing the same, and mooring vessels, and for wharfage and wharf purposes generally, and for the purposes for which it was previously used, and has been, and is greatly damaged and injured, and particularly has been and is greatly damaged and injured, in his said land and wharf and business.

The other counts alleged the same facts in a different form, and also alleged that the plaintiff was the owner of the only wharf on the river used for such purposes; that he was compelled by the said acts of the defendant to abandon his business and to transport his goods over the defendant's railroad at an enhanced cost of $1000 a year; and that his loss of income and profits by the said acts of the defendant amounted to $1000 a year.

The defendant demurred to the declaration, assigning as cause of demurrer that no legal cause of action was set forth. In the Superior Court the demurrer was sustained; and the plaintiff appealed.

*G. Marston*, for the defendant.

*F. A. Perry*, for the plaintiff.

GRAY, C. J. The act of the defendant, for which the plaintiff in various counts seeks compensation, is the building of a bridge across a navigable stream and arm of the sea. The direct injury alleged is to the navigation of the stream, to which the plaintiff is entitled only in common with the whole public; and the remedy for that injury is by indictment, and not by private action. The fact that the plaintiff alone now navigates the stream, or has a wharf thereon at which he carries on business, only shows that the present consequential damage to him may be greater in degree than to others, but does not show that the injury is different in kind, or that other riparian proprietors and the rest of the public may not, whenever they use the stream, suffer in the same way. The case has no analogy to those in which an obstruction in a navigable stream sets back the water upon the plaintiff's land, or, being against the front of his land, entirely cuts off his access to the stream, and thereby causes a direct and peculiar injury to his estate, or in which the carrying on of an offensive trade creates a nuisance to the plaintiff. *Blood* v. *Nashua & Lowell Railroad*, 2 Gray, 137. *Lawrence* v. *Fairhaven*, 5 Gray, 110. *Brightman* v. *Fairhaven*, 7 Gray, 271. *Willard* v. *Cambridge*, 3 Allen, 574. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. *Brayton* v. *Fall River*, 113 Mass. 218. *Lyon* v. *Fishmongers' Co.* 1 App. Cas. 662.     *Judgment affirmed.*