## CHARLES R. SHAW vs. BOSTON AND ALBANY RAILROAD COMPANY & another.

Hampden.    September 28, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Negligent Repair of Highway — Private Damage — Action.*

An action cannot be maintained against a railroad corporation and a city for doing work, which they are authorized by law to do, in altering and repairing a bridge and its approaches forming a part of a public highway, in such a negligent manner that the plaintiff is deprived of the use of the highway for an unreasonable time, and is thereby damaged in his business.

TORT, against the Boston and Albany Railroad Company and the city of Springfield. The declaration alleged, in substance, that the defendants undertook, by due authority and process of law, to make changes, alterations, and repairs in and upon a certain bridge and the approaches thereto, being a part of a public highway of the defendant city known as St. James Avenue, and crossing the defendant railroad corporation's tracks above grade by a bridge on the line of St. James Avenue, which way the city was bound to keep in repair; that the changes, alterations, and repairs were made by the defendants in a negligent and careless manner, whereby the plaintiff was hindered and deprived of the use of the highway for an unreasonable time, to the great damage of the plaintiff in his business and occupation; that he was engaged in the business of farming and the sale of farm products, and that of market gardening, and the daily selling and peddling of milk in the city; that he had many customers in the city for the farm and garden products and milk, to reach whom he was accustomed to use and pass over St. James Avenue and the bridge, and it was necessary that he should do so; and that, by the negligence of the defendants in the construction and repair of the bridge and way, and the consequent deprivation of the use thereof by him, his business was lost and destroyed.

The defendants demurred separately to the declaration, assigning, among other grounds of demurrer, that it did not state a legal cause of action.

In the Superior Court the demurrers were sustained; and the plaintiff appealed to this court.

*E. H. Lathrop*, for the plaintiff.

*Samuel Hoar*, for the Boston and Albany Railroad Company.

*C. L. Long*, for the city of Springfield.

LATHROP, J. The gist of the declaration in this case is, that, through the carelessness of the defendants in doing the work which they were authorized by law to do, the plaintiff was deprived of the use of the highway for an unreasonable time, and was thereby damaged in his business. There is nothing in the declaration to show that his estate abutted upon the obstruction, so as to bring the case within the rule laid down in *Stetson* v. *Faxon*, 19 Pick. 147. And there is nothing to show

that his person or property was injured by reason of the negligence of those engaged in doing the work.    The case does not, therefore, fall within the rule laid down in *Deane* v. *Randolph*, 132 Mass. 475, *Waldron* v. *Haverhill*, 143 Mass. 582, and *Doherty* v. *Braintree*, 148 Mass. 495.

The only right of the plaintiff to use the highway was that of the public generally.    " Where one suffers in common with all the public, although, from his proximity to the obstructed way, or otherwise from his more frequent occasion to use it, he may suffer in a greater degree than others, still he cannot have an action, because it would cause such a multiplicity of suits as to be itself an intolerable evil."    Shaw, C. J., in *Quincy Canal* v. *Newcomb*, 7 Met. 276, 283.    See also *Smith* v. *Boston*, 7 Cush. 254; *Brainard* v. *Connecticut River Railroad*, 7 Cush. 506, 510; *Blood* v. *Nashua & Lowell Railroad*, 2 Gray, 137, 140; *Castle* v. *Berkshire*, 11 Gray, 26; *Harvard College* v. *Stearns*, 15 Gray, 1; *Hartshorn* v. *South Reading*, 3 Allen, 501; *Willard* v. *Cambridge*, 3 Allen, 574; *Fall River Iron Works* v. *Old Colony & Fall River Railroad*, 5 Allen, 221; *Blackwell* v. *Old Colony Railroad*, 122 Mass. 1; *Davis* v. *County Commissioners*, 153 Mass. 218; *Hammond* v. *County Commissioners*, 154 Mass. 509.

We are therefore of opinion that the demurrers of the defendants were rightly sustained, and that the order must be,

*Judgment for the defendants affirmed.*