PISCATAQUA NAV. CO. et al. v. NEW YORK, N. H. & H. R. CO.

(District Court, D. Massachusetts. September 22, 1898.)

No. 903.

1. PUBLIC NUISANCE—PRIVATE ACTION—SPECIAL DAMAGES.
   The owner of vessels detained by the falling of a draw in defendant's bridge over a navigable channel, through defendant's negligence, can maintain an action for the recovery of special damages sustained by reason of the delay.

2. NAVIGABLE WATERS—OBSTRUCTION BY BRIDGE—STATUTE.
   A railroad company building a bridge across a navigable channel under a statute which requires it to maintain and keep in repair a draw, and to open the same when required, "so as to afford all reasonable and proper accommodation for vessels having occasion to pass through the same," owes a special duty to an owner of vessels having occasion to pass through such draw, and is liable for a breach of such duty, where, through its negligence, the draw falls, and such vessels are detained.

In Admiralty.

W. M. Richardson, for libelants.
Benton & Choate, for respondent.

BROWN, District Judge. This libel is for damages for the detention of several vessels, through the obstruction of Ft. Point Channel, in Boston Harbor, by the fall of a draw in a railroad bridge. The defendant's duty in respect to the draw is prescribed by a Massachusetts statute of 1845 (chapter 126): "And the corporation shall be held liable to keep said draw in good repair, and to open the same when required, so as to afford all reasonable and proper accommodation for vessels having occasion to pass through the same." Upon the evidence I find that the fall of the draw, and the consequent obstruction of the channel for several days, were due to the negligence of the defendant. The defendant contends that it is not liable in a

private action, since every member of the public had an equal right to navigate the channel, and since an interruption of the navigation of this channel was the obstruction of a public right, affecting every member of the public, whether then present, and wishing to use the channel, or not; and therefore a public nuisance, for which, without special damage, a private action is not maintainable. The gist of the present action, however, is special damage to the libelants. They seek no apportionment of the injury suffered in common with all other members of the public, and which, if the basis of a private action, would, as Blackstone says (volume 3, p. 219), "allow every subject in the kingdom to harass the offender with separate actions." The rule of law is stated in Mayor of Georgetown v. Alexandria Canal Co., 12 Pet. 91: "If any particular individual shall have sustained special damage from the erection of it [i. e. a public nuisance], he may maintain a private action for such special damage, because to that extent he has suffered beyond his portion of injury in common with the public at large." While it is conceded by the defendant that actual physical injury to person or property constitutes special damage, it is urged that where there is mere detention from obstruction of the way there can be no special damage, however unequal the consequences to different members of the public. It is well settled, however, that special or particular damage may be either direct or consequential. In the leading case of Rose v. Miles, 4 Maule & S. 101, there was no physical injury to person or goods, but merely obstruction of a navigable way, causing detention. In consequence the plaintiff was put to the expense of carrying his goods by land around the obstruction. A master may find it a wiser course to await the removal of the obstruction, and then carry his goods through on his own vessel. In the latter case he should be entitled to the cost of waiting to do so if that is the wiser course. This may impose less pecuniary liability on the wrongdoer. The doctrine of Rose v. Miles was adopted in Greasly v. Codling, 2 Bing. 263, wherein it was said: "In the case in Carthew, indeed, there is an expression in favor of the defendant, namely, that the action will only be for a personal injury, and not for a mere injury by delay. I cannot see the difference, because injury from the one cause may be quite as prejudicial as injury from the other," etc. In each of these cases there was only detention, and not physical injury, to person or goods. In each of these cases, as in the present case, the plaintiffs were in the actual use of the way, and were subjected to actual obstruction, and to actual loss additional to that which, by presumption of law, attaches to each member of the public. This actual loss, proved as a matter of fact, is the gist of the private action.

There seems a general accord of text writers in this view. 2 Chit. Pl. (13th Am. Ed.) 599, contains a form of declaration based on this doctrine. Mr. Bigelow presents Rose v. Miles as a leading case in his Leading Cases on Torts (page 460). See, also, Bigelow, Torts, pp. 296, 297; Pol. Torts, pp. 326, 328; 2 Wood, Nuis. (3d Ed.) §§ 647, 648. In Sedg. Dam. (8th Ed.) § 946, it is said: "It seems now settled that it is sufficient if peculiar or special damage result therefrom, though it be

consequential, and not direct." The case of Stetson v. Faxon, 19 Pick. 147, cites the cases of Rose v. Miles and Greasly v. Codling, and seems a direct authority in support thereof. While the opinion says, "We mean to give no countenance for suits de minimis," it announces the rule in the brief sentence, "Let those who suffer have their actions." Though the declaration in Stetson v. Faxon stated that the plaintiff's estate abutted on the obstruction, the decision turns upon no peculiar principle arising from the ownership of real estate, but upon the fact that the injury was actual and substantial, and not common to all the citizens. It is said: "The people at large are supposed to be injured, merely because they cannot pursue a particular track; which is an inconvenience felt by thousands, to be redressed by a prosecution in the name of the commonwealth. They suffer no particular injury to their trade or estates, and a prosecution in behalf of the public furnishes the appropriate remedy. But individuals who, either in their persons or estates, suffer great damage, which may be proved to proceed and follow necessarily from the public nuisance, surely stand upon different ground. And each may have his action, and recover for the particular damage, according to the evidence." This statement of the rule seems to be in substantial agreement with the statement contained in Mayor of Georgetown v. Alexandria Canal Co., 12 Pet. 91. Ownership of abutting real estate would obviously be an important element in the question whether special damage had in fact been sustained, but it is at least very doubtful if it is anything more. See Bell v. Corporation of Quebec, 5 App. Cas. 84, 100. The cases Rose v. Miles and Greasly v. Codling are also cited in Atkins v. Bordman, 2 Metc. (Mass.) 457, 469. It is contended, however, that under the later Massachusetts decisions the damage which is the basis of the private action must be something differing not merely in degree, but in kind, from that which must be deemed common to all. See Thayer v. City of Boston, 19 Pick. 511, 514. It appears from the opinion in Stetson v. Faxon, referred to in Thayer v. Boston, that particular damage to trade or estates was not deemed common to all. The law cannot adopt a presumption so opposed to experience as a presumption that actual pecuniary loss to every citizen follows a violation of public right.

Nor does the weight of authority justify a presumption that a violation of the public right to the use of highways or navigable waters by unlawful obstructions therein will cause actual loss to so great a number of citizens that it is for the interest of the public that such citizens should suffer without legal redress, rather than that the courts should be incumbered with such amount of litigation as would result from private actions for actual special damages. It is true that there are several Massachusetts cases which seem to support the contention of the defendant that the only injury to the libelants was, in the view of the Massachusetts court, one common to all, and of the same kind, and not a special or particular injury within the exception that gives a right of private action. Harvard College v. Stearns, 15 Gray, 1; Blood v. Railroad Corp., 2 Gray, 137; Willard v. City of Cambridge, 3 Allen, 574; Blackwell v. Railroad Co., 122 Mass. 1; Davis

v. County Com'rs, 153 Mass. 218, 26 N. E. 848; Shaw v. Railroad Co., 159 Mass. 599, 35 N. E. 92. Though I have given these cases the respectful consideration to which they are justly entitled, I am unable to reconcile them with those cases that hold that one who suffers actual pecuniary loss or damage to that extent suffers beyond his portion of injury in common with the public at large, and may have his private action. It is in accordance with a sound public policy to deny a private action when to grant it would give to every citizen a private action arising out of the same act. To hold, however, as a matter of law, that the consequences of litigating claims not for theoretical wrong nor de minimis, but for substantial private injury, may lead to such an intolerable multiplicity of suits that it is better that substantial private injuries should go unredressed would seem to found a new rule of public policy upon an apprehension hardly justified by the experience of the courts of jurisdictions where for many years no such rule has existed. If such a rule of public policy shall become necessary, it certainly should be applied only when found necessary for the protection of the public and of the courts, and should not be given to a wrongdoer to defend himself from the natural consequences of his wrong.

I am of the opinion that, according to the general weight of authority, the libelants have stated such special damage as entitles them to maintain a private action, and that, although the defendant may be able to show that he has violated the theoretical right of every citizen, and that he has also inflicted upon several other citizens substantial damage and actual loss similar to that alleged by the libelants, such defense is without merit. Wood, Nuis. §§ 674, 678; Francis v. Schoelkopp, 53 N. Y. 152. I am also of the opinion that as the statute authorizing the construction of the bridge provided that it should be opened "so as to afford all reasonable and proper accommodation for vessels having occasion to pass through the same," and as the owners allege and prove that they had such occasion, and made such requirement, they have shown a special duty owed them by the defendant, for the breach whereof the defendant is liable to them in damages. The libelants are entitled to a decree against the defendant, and to a reference to compute the damages.