CAROLINE L. ROBINSON *vs.* GEORGE A. BROWN & another.

Worcester.    October 30, 1902. — November 24, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Pleading and Practice.    Way.*

Where there has been an appeal from a decree in equity of the Superior Court, the judge of that court having found certain facts, the parties cannot by agreement add to the record a fact not found by the judge. If one of the parties wishes to bring to this court all questions of fact he should have a commissioner appointed to take the evidence, or, having failed to do so, if he wishes to introduce a new fact he must apply to the judge who heard the case in the Superior Court to make a finding on the desired point under R. L. c. 159, § 23.

An abutter on a public way cannot maintain an action for an obstruction to the way in a part of it not opposite his land, and if the obstruction is opposite land adjoining his that does not help his case, as the injury although greater in degree by reason of proximity does not differ in kind from that suffered by the public.

LORING, J. This is a bill in equity for a mandatory injunction directing the defendants to remove a fence or bars placed by them across a private way called Wheeler Lane. Issue was joined, and after a hearing on the merits a decree was entered dismissing the bill. The plaintiff took an appeal, and requested the judge by whom the suit was heard to report the facts found by him. In accordance with that request, the judge filed this report: "I find that the public had a right of way in the Wheeler Lane to pass and repass, that the respondents obstructed said way or lane by placing bars across the same but upon their own land and not upon any portion of the way ad-

joining petitioner's land." The case is here on appeal from that decree and on that report.

The parties have "agreed that upon the appeal to the Supreme Judicial Court in the above entitled cause the fact may be taken as found by the court that the defendants placed an obstruction across Wheeler Lane, so called, upon the land of the defendants at the point where the plaintiff's land adjoins the land of the defendants on said lane; and that this agreement may be printed as part of the record upon appeal."

The question before this court on appeal from the Superior Court is the question decided by that court, and not the question which would have arisen had the court found a fact which does not appear to have been found by it. If the plaintiff had wished to bring up all questions of fact, she should have had a commissioner appointed to take the evidence; not having done that her only remedy was to apply to the judge who heard the suit to make a finding on this point, under R. L. c. 159, § 23.

The finding of the judge that "the public had a right of way in the Wheeler Lane" disposes of the bill now before the court in which the plaintiff alleges that she has a private right of way over Wheeler Lane.

Since the argument the plaintiff has stated that she desires to amend her bill. In view of this fact and the further fact that the parties have agreed to a fact not found by the Superior Court and therefore not now before us, we shall discuss briefly the matters which seem likely to arise in the Superior Court.

It is plain that the plaintiff would not better herself by alleging that Wheeler Lane was a public way, or by alleging the fact stated in the agreement of the parties. An abutter on a public way cannot maintain an action for an obstruction to the way in that part of it which is not opposite his land, for the reason that in such a case his damage is not different in kind from that suffered by the public. This proposition is too well settled to admit of discussion or to require any further statement. For cases where relief has been denied in case of such an obstruction of a highway or of a navigable stream, see *Harvard College* v. *Stearns*, 15 Gray, 1; *Blackwell* v. *Old Colony Railroad*, 122 Mass. 1; *Holman* v. *Townsend*, 13 Met. 297, 299; *Brainard* v. *Connecticut River Railroad*, 7 Cush. 506, 510; *Smith* v. *Dedham*, 8 Cush.

522, 524; *Blood* v. *Nashua & Lowell Railroad*, 2 Gray, 137; *Brightman* v. *Fairhaven*, 7 Gray, 271; *Hartshorn* v. *South Reading*, 3 Allen, 501; *Fall River Iron Works* v. *Old Colony & Fall River Railroad*, 5 Allen, 221; *Shaw* v. *Boston & Albany Railroad*, 159 Mass. 597; *Nichols* v. *Richmond*, 162 Mass. 170, 172. See also in this connection *Smith* v. *Boston*, 7 Cush. 254, and *Stanwood* v. *Malden*, 157 Mass. 17, 18. For two cases where the plaintiff's access to a public way was obstructed and he was allowed to recover for an injury differing in kind, see *Brayton* v. *Fall River*, 113 Mass. 218; *French* v. *Connecticut River Lumber Co.* 145 Mass. 261, both of which were cases of navigable streams.

As to the fact agreed to by the parties but not found by the court, the plaintiff would be no better off if that fact were in the case. The fact that the plaintiff is nearer the obstruction than others makes no difference. Her proximity to the obstruction makes the damage to her greater in degree but not different in kind. *Hartshorn* v. *South Reading*, 3 Allen, 501. *Willard* v. *Cambridge*, 3 Allen, 574. *Fall River Iron Works* v. *Old Colony & Fall River Railroad*, 5 Allen, 221; and see *Blackwell* v. *Old Colony Railroad*, 122 Mass. 1, 3.

*Stetson* v. *Faxon*, 19 Pick. 147, is much relied on by the plaintiff. Speaking of some of the cases cited in the opinion in that case, this court said in *Harvard College* v. *Stearns*, 15 Gray, 1, 6: " But the later cases in this court seem to have been quite uniform in holding more strictly that, for an obstruction upon navigable waters or a public highway, the remedy was a public one by indictment, and not a private action by an individual, although he might be more affected by it than the public generally." See also *Ricket* v. *Metropolitan Railway*, L. R. 2 H. L. 175, 188, 199. In *Stetson* v. *Faxon*, a building had been erected by the defendant, on land adjacent to that of the plaintiff and extending thirty-six feet into the highway. The decision was finally put upon the ground that the plaintiff's " warehouses have been greatly obscured and injured, and access thereto prevented from and along the part of the highway so obstructed."

But that would not be true here, even if the fact agreed to were before the court. An obstruction by a fence or bars across the way, on land adjacent to the plaintiff's but " not upon any

portion of the way adjoining petitioner's land," is an injury greater in degree by reason of the plaintiff's proximity to the obstruction, but not differing in kind from that suffered by the public.

> *Decree dismissing the bill affirmed, unless the plaintiff has leave to amend her bill.*

*J. Duff,* for the plaintiff.

*E. I. Morgan, R. A. Stewart & G. S. Taft,* for the defendants.