EDITH E. EATON *vs.* CLIFFORD M. LOCKE.

Norfolk. March 19, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Way. Nuisance.*

A person whose land is injured by the obstruction of a public way by a fence, which is not in the part of the way against which his land abuts, and who shows no damage differing in kind from that suffered by the general public, cannot maintain a suit in equity to enjoin the maintenance of the fence.

BILL IN EQUITY, filed in the Superior Court on July 9, 1908, by the owner of a lot of land with a building thereon in Needham, where the husband of the plaintiff carried on the undertaking and livery business, to enjoin the defendant from maintaining a fence constructed by him across a road or way running from the plaintiff's building across the land of the defendant to a public highway called Great Plain Avenue.

In the Superior Court the case was heard by *Richardson,* J., upon a master's report and the exceptions thereto. He made a final decree that the bill be dismissed, and the plaintiff appealed.

*J. H. Soliday,* (*H. P. L. Partridge* with him,) for the plaintiff.

*E. N. Carpenter,* for the defendant.

HAMMOND, J. This is a bill in equity setting out that in violation of the plaintiff's rights the defendant has constructed a fence across a certain road or way, and praying that he may be enjoined from interfering with her use of the way. In the bill the plaintiff alleges that by an adverse user she has acquired by prescription a private right to use the way free from obstruction; and she alleges also that the public has gained by prescription a similar right. In other words, she bases her prayer for relief both upon her private right and her right as one of the public in the exercise of the public right.

It appears by the record that at the hearing before the master the plaintiff abandoned all claim of right in the way as an individual, and relied wholly upon her interest in the public right. Upon this issue the master found that the plaintiff had acquired

" individually and collectively," as one of the general public, the right to use the way. It is agreed that this finding has reference only " to her right acquired as one of the public, and not as a private individual." Under these circumstances this bill stands as a bill for relief for injury suffered by the plaintiff by the obstruction of a public right of way.

It is well settled that a person cannot maintain an action for the obstruction of a public highway, unless he proves that he has sustained some special and peculiar damages different in kind, and not merely in degree, from that suffered by other persons from the alleged nuisance. *Willard* v. *Cambridge*, 3 Allen, 574, and cases cited. This is only a corollary of the general proposition that an individual cannot maintain a private action for a public nuisance by reason of any injury which he suffers in common with the public. The only remedy is by indictment or other public prosecution. *Brayton* v. *Fall River*, 113 Mass. 218, 227. The subject has been so recently treated in *Robinson* v. *Brown*, 182 Mass. 266, that it is necessary only to refer to that case and the cases therein cited, to show the existence and reason of the rule. The obstruction was not in that part of the highway against which the land of the plaintiff abutted, and she has shown no damage differing in kind from that suffered by the general public. *Brayton* v. *Fall River, ubi supra*. *French* v. *Connecticut River Lumber Co.* 145 Mass. 261, 264. *Robinson* v. *Brown*, 182 Mass. 266, and cases cited.

The plaintiff contends that even if this is so the defendant should have taken the objection earlier, and that having gone without objection to a hearing before the master, it is now too late for him to object to the jurisdiction of the court upon the ground that there is a complete and adequate remedy at law. And in support of that proposition she cites *Driscoll* v. *Smith*, 184 Mass. 221, and many other cases.

But the plaintiff entirely misapprehends the nature of the defendant's contention and the ground upon which the bill was dismissed. The defense did not deny the jurisdiction of the court in equity on the ground that the plaintiff had a complete remedy by private action, or on any other ground. The bill was not dismissed for want of jurisdiction; on the contrary, it was dismissed because the court, having jurisdiction and acting

within it, determined that no private right of the plaintiff under the circumstances disclosed by the evidence had been invaded. In other words, the bill was dismissed not upon the ground that the plaintiff's claim should be adjudicated only in a private action at law, but upon the ground that she had shown no cause of private action at all. The plaintiff showed no violation of any private right nor any special and peculiar damage for the violation of her right as one of the public. *Driscoll* v. *Smith*, 184 Mass. 221, cited by the plaintiff was a case concerning a private way.

*Decree affirmed with costs.*