WILLIAM DWYER *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY & another.

Suffolk. March 21, 1911. — June 22, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* To enjoin public nuisance. *Nuisance. Grade Crossing. Damages.*

The owner of land used for the storage of boats cannot maintain a bill in equity against a railroad corporation to restrain the defendant from constructing a conduit which will diminish the flow of a certain creek so that access to the plaintiff's land will be impaired and the waters of the creek, which is an arm of the sea, will "ebb and flow upon the plaintiff's premises in such a way as to render them useless for the purpose of storing boats thereon," because the act of which the plaintiff complains is a public nuisance and he alleges no such peculiar damage as will entitle him to maintain a private suit or action.

One, whose land suffers injury from the manner in which a certain conduit is constructed by a railroad corporation under a decree in proceedings for the abolition of a grade crossing, is not entitled to be heard in such proceedings and has no standing to enforce the abolition decree, if the damage of which he complains was not of a different kind from that suffered by the public.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 9, 1910, by the owner of certain land in that part of Boston called Dorchester against the New York, New Haven, and Hartford

Railroad Company and the Old Colony Railroad Company, to restrain the defendants from constructing, in connection with proceedings for the abolition of a certain grade crossing, any conduit affecting the flow of the waters of Tenean Creek, an arm of the sea, in and upon the land of the plaintiff, the paragraph of the bill containing the material allegations being quoted in the opinion.

The defendants demurred to the bill.

The case was heard upon the demurrer by *Rugg*, J., who made a decree that the demurrer be sustained and that the bill be dismissed with costs.    The plaintiff appealed.

*S. H. Tyng*, (*R. J. Dwyer* with him,) for the plaintiff.

*F. H. Nash*, for the defendants.

HAMMOND, J.    The eighth paragraph of the bill is as follows: " The plaintiff's said parcel of land has for a long time past been used for the storage of row boats, sail boats, and motor boats during all the months of the year, and the said parcel of land affords a safe and secure refuge for all such boats during the entire year.    During the period antecedent to the filing of the petitions first hereinbefore mentioned, and so consolidated as aforesaid, the said premises were used for the storage of boats as aforesaid, and through the bridge then existing there was ample space for the passage of all boats entering to and from said Tenean Creek to the plaintiff's premises.    By virtue of the authority vested in the defendant corporations by the decree of the said Superior Court, and the construction of the bridge therein contemplated, there would also be ample opportunity for said passage ; but by the construction of a conduit such as is proposed by the said petition of the New York, New Haven, & Hartford Railroad Company (in which the Old Colony Railroad Company did not join) the passage of such boats would be rendered impossible, or largely impracticable, by reason of the fact that the convergence of the waters, in connection with the width and by reason of said conduit, and the said waters would ebb and flow upon the plaintiff's premises in such a way as to render them useless for the purpose of storing boats thereon and allowing the same to enter and depart from said premises, especially in respect to rowing, steering, or navigating said boats through said conduit ; and said conduit, if at all, could only be used for said purposes during a very limited period of the tides."

These allegations do not go to the extent of averring that by reason of the conduit tide water is excluded from the plaintiff's land, but simply that access thereto is impaired. The words "and the said waters would ebb and flow upon the plaintiff's premises in such a way as to render them useless for the purpose of storing boats thereon," upon which the plaintiff relies as an allegation of damage to a private right or of peculiar damage to him arising from a public nuisance, are, when taken in connection with their setting, altogether too vague and indefinite for that purpose. The act of which the plaintiff complains is a public nuisance and he alleges no such peculiar damage as will entitle him to maintain a private action. *Blackwell* v. *Old Colony Railroad*, 122 Mass. 1. *Robinson* v. *Brown*, 182 Mass. 266, and cases therein cited.

For a similar reason he was not entitled to be heard in the abolition proceedings and has no standing to enforce the abolition decree. *Selectmen of Norwood* v. *New York & New England Railroad*, 161 Mass. 259.

*Decree affirmed.*