RICHARD E. WARNER *vs.* MAYOR OF TAUNTON & others.

Bristol.     March 23, 1925. — June 26, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, PIERCE, & SANDERSON, JJ.

*Jurisdiction. Mandamus. Nuisance,* Public. *Way,* Public.

Although the parties to a petition for a writ of mandamus may agree that
"No question is made by the respondents that the petitioner is a proper
party to bring these proceedings and that mandamus is the proper
remedy," the court nevertheless must consider the question of juris-
diction of its own motion, and, if it finds that no jurisdiction to enter-
tain the petition exists, must dismiss it.

Where a common or public right of a person, which people generally may
exercise and enjoy, such as the use of a highway, has been invaded or
impaired, a mere deprivation or obstruction of such use, affecting all
persons alike, from the enjoyment of the common right, but not causing
special or peculiar damage to any one, does not furnish a valid cause of
action in favor of an individual: the right is to be vindicated at law by
a public prosecution, and in equity by an information by the Attorney
General or by some other officer representing the Commonwealth.

This court has no jurisdiction to entertain a petition by a citizen, taxpayer,
and resident of a city for a writ of mandamus directed to a municipal
officer to compel the removal of certain gasoline pumps located within
the limits of certain designated areas, where the petition is based on a
contention that the structures are unlawful and substantial encroach-
ments upon the highways and that travellers are prevented thereby
from having free and unobstructed use of the streets and sidewalks
"in violation of the rights of your petitioner and other citizens."
*Brewster* v. *Sherman,* 195 Mass. 222, distinguished.

PETITION, filed in the Supreme Judicial Court for the
county of Bristol on December 8, 1924, and afterwards
amended, for a writ of mandamus, described in the opinion.

The case came on to be heard by *Crosby,* J., upon an agreed
statement of facts, and was by him reserved for determina-
tion by the full court.

*J. L. Hurley,* for the petitioner.

*F. J. Carney,* (*J. A. Canavan & P. E. Troy* with him,) for
Barlow & others, intervening respondents.

*D. J. Lyne,* (*S. L. Kaplan* with him,) for Cole & others,
intervening respondents.

CROSBY, J.   The petitioner, a citizen, taxpayer and resident of the city of Taunton, brings this petition for mandamus against the mayor, members of the municipal council, and the superintendent of streets of that city, to compel the removal of certain gasoline pumps located within the limits of certain designated ways.   The case is reserved upon the pleadings and an agreed statement of facts for determination by this court.

It is agreed that the gasoline pumps are located and used by the abutting owners, who are the intervening respondents; that the city has granted licenses and permits to them, respectively, to locate, maintain and use the pumps at places in the highways about one foot from the curb line and within the limits of the sidewalks in front of their respective premises, and the pumps have been erected and maintained under and by virtue of such licenses and permits (Revised Ordinances of the City of Taunton [1912] c. 30, §§ 1, 2); that they are about ten feet high and eighteen inches in diameter at the base, and are constructed of metal surmounted by a glass globe; that they are used for the sale and delivery of gasoline into automobiles of the travelling public near the pumps; that the gasoline is stored in underground tanks, located on land of the intervening respondents, with pipes connecting the tanks and the pumps.   It is the contention of the petitioner that the structures are unlawful and substantial encroachments upon the highways, and that travellers are prevented thereby from having free and unobstructed use of the streets and sidewalks, "in violation of the rights of your petitioner and other citizens."

The allegations of the petition are in substance and effect that the structures so located and maintained constitute a public nuisance.   The tenth paragraph of the agreed statement of facts is in part as follows: "No question is made by the respondents that the petitioner is a proper party to bring these proceedings and that mandamus is the proper remedy."

At the outset the question arises, Has this court jurisdiction to entertain the petition and grant to the petitioner the relief which he seeks?   The fact that mandamus is agreed

by the respondents to be the proper remedy cannot affect the duty of the court where the question of jurisdiction is involved. Waiver by the parties cannot confer jurisdiction over a cause which is not vested in the court by law. It is the duty of the court to consider such a point on its own motion. *Eaton* v. *Eaton*, 233 Mass. 351, 364, and cases there cited. *Commonwealth* v. *Andler*, 247 Mass. 580, 582.

The rule is well established that where a common or public right of a person, which the people generally may exercise and enjoy, such as the use of a highway, has been invaded or impaired, a mere deprivation or obstruction of such use affecting all persons alike from the enjoyment of the common right, but not causing special or peculiar damage to any one, does not furnish a valid cause of action in favor of an individual. The private injury, in this class of cases, is said to be merged in the common nuisance and injury to all citizens, and the right is to be vindicated at law by a public prosecution, and in equity by an information by the Attorney General or some other officer representing the Commonwealth. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. *Needham* v. *New York & New England Railroad*, 152 Mass. 61. *Attorney General* v. *Boston & Albany Railroad*, 246 Mass. 292, 296.

The acts of which the petitioner complains, if not justified in law, constitute a public nuisance; and as he alleges no special or peculiar damage, he is not entitled to maintain this proceeding. *Davis* v. *County Commissioners*, 153 Mass. 218. *Robinson* v. *Brown*, 182 Mass. 266. *Dwyer* v. *New York, New Haven & Hartford Railroad*, 209 Mass. 419. 20 R. C. L. 476, 477.

The decision in *Brewster* v. *Sherman*, 195 Mass. 222, that a voter and taxpayer of a town can maintain a petition for a writ of mandamus, ordering the board of registrars of voters not to count an imperfectly marked ballot in a recount of votes on the question whether licenses for the sale of intoxicating liquor shall be granted, is not at variance with the conclusion reached in the case at bar. It was there held that it was not necessary that the petitioner should have any special interest in the result of the vote, that as a citizen he

could maintain mandamus to vindicate the public right. See also *Attorney General* v. *Apportionment Commissioners,* 224 Mass. 598, 610.

It was held in *McGlue* v. *County Commissioners,* 225' Mass. 59, that a violation by county commissioners of their constitutional duty, in dividing a county into representative districts, and apportioning among those districts the representatives allotted to them, could be called in question in the courts only by the Attorney General representing the public, or by one who shows that his constitutional rights have been impaired. These cases holding that mandamus will lie on petition of an individual are plainly distinguishable in their facts from those in the case at bar.

In view of the conclusion reached, it is unnecessary to deal with the case upon its merits. As the petitioner is not shown to have suffered any special injury from the alleged wrongful acts of the respondents, the entry must be,

*Petition dismissed.*