## WALTER B. LORING *vs.* FRED A. BRYANT.

Worcester.    September 27, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Equity Jurisdiction*, To enjoin infringement of public easement. *Way*, Public.

A landowner, whose rights in a public way are not greater than nor different from the rights therein enjoyed by the public generally, cannot maintain a suit in equity to enjoin an obstruction of such way.

BILL IN EQUITY, filed in the Superior Court on November 3, 1930.

The bill contained allegations that the plaintiff was the owner of certain land in Holden near Lovell Road; that, by a decree of the Land Court, he had a right of way from his land to Lovell Road over certain lands, part of which belonged to the defendant; and that the defendant had obstructed the right of way. The plaintiff sought to have the defendant ordered to remove the obstruction and enjoined from making further obstructions.

The suit was heard by *Donnelly*, J., who found, on evidence not reported, that the plaintiff was the owner of the land which he alleged that he owned; that in going thereto from Lovell Road, the plaintiff passed over a way called Quinapoxit Road and thence over a way called Wood Road; that the right of way established by the decree of the Land Court as an appurtenance to the plaintiff's land was confined to Wood Road; that Quinapoxit Road "had been used as a roadway . . . by the public for more than thirty years"; that the plaintiff "had a right of way over Quina-

poxit Road in common with the public in general, and . . . his rights in Quinapoxit Road were no greater nor did they differ in any degree from the right generally enjoyed by the public in the use of Quinapoxit Road as a right of way"; that the obstruction built by the defendant was in a portion of Quinapoxit Road; and that the "changes as made by the defendant in no way interfered with the right of way of the plaintiff to Wood Road . . . and in no way interfered with the plaintiff in the use and enjoyment of the premises to which he had access by means of Quinapoxit Road."

A final decree was entered dismissing the bill. The plaintiff appealed.

*W. H. Martin*, for the plaintiff, submitted a brief.

*C. W. Proctor*, for the defendant.

WAIT, J. This case comes before us on appeal from a final decree dismissing the bill. The evidence is not reported. There is a consistent finding of facts by the trial judge. In such circumstances his findings are conclusive. Citation of authorities would be superfluous. He found that the plaintiff's rights in Quinapoxit Road are simply those of one of the public. He has suffered no injury peculiar to himself and different from that of all members of the public. He has no right to maintain this bill. *Eaton v. Locke*, 202 Mass. 324. *Warner v. Mayor of Taunton*, 253 Mass. 116.

*Decree affirmed.*