## Myers et al. v. Upper Moreland Township Commissioners

*Alexander Knight* and *Alexander Perry*, for complainants.

*High, Swartz, Flynn & Roberts*, for respondents.

DANNEHOWER, J., November 3, 1948.—This case comes before the court on preliminary objections to plaintiffs' complaint in mandamus brought to compel defendants, who are the Commissioners of Upper Moreland Township, Montgomery County, Pa., to abate a dangerous health nuisance caused by overflowing cesspools, to prevent the commissioners from hindering the dumping of sewage into the township sanitary sewer system, to repair a certain open sewer and to construct sanitary sewers for this certain area of the township.

Plaintiffs are the owners of houses in a four-block area in the Township of Upper Moreland, bounded by Evans Avenue, Frazier Street, Inman Terrace and Division Street. In this area of 98 homes, due to the peculiar nature of the subsoil, the raw sewage from the cesspools of 41 homes overflows upon the lawns of the homes and into the streets and highways, causing noxious odors and creating a serious and dangerous health menace. There are 34 plaintiffs, whose cesspools do not overflow but whose homes are made almost uninhabitable from vile and obnoxious odors and who fear the dangerous health menace to their families.

In an effort to help themselves, plaintiffs have restricted their use of water, dug additional cesspools, installed septic tanks, dug French drains and horizontal wells, provided additional soil to absorb the seepage, and have had their cesspools emptied every few days. All these measures have been in vain, as were requests to the township commissioners to arrange for connections to either of two nearby sewer systems. Plaintiffs also aver in their complaint that defendant commissioners in 1941 decided to sewer this afflicted area and secured a permit on May 25, 1942, and assured the builder, Charles F. Helms, when issuing building permits, that the sanitary sewers would be installed before he finished building these homes. Twenty-two of plaintiffs purchased a tank and pump to empty their cess-

pools, but on July 2, 1948, were ordered by the chairman of the sewer committee not to dump more than one load every three days into the township sanitary sewer system.

Finally, plaintiffs brought this action to compel the commissioners to construct the sanitary sewers, to remedy certain open sewers at street intersections, to abate the nuisance, and to withdraw an order hindering the dumping of waste water and sewage syphoned from plaintiffs' cesspools into the township sewer system.

Defendant commissioners have filed preliminary objections in the nature of a demurrer, alleging that all of the relief sought by plaintiffs involves judgment and discretion and that mandamus lies only to compel the performance of purely ministerial functions.

So far as the construction of sanitary sewers is concerned, mandamus cannot issue to control the commissioners' discretion. In the first place, the State empowers the Board of Commissioners of First Class Townships as follows in section 2401 of the First Class Township Law of June 24, 1931, P. L. 1206, 53 PS §19092-2401:

"Townships *may* establish and construct a system of sewers and drainage . . . as seem advisable to the Commissioners." . . . Where the statute imposing upon the officer the duty sought to be coerced is couched in permissive terms, this confers upon him a discretionary power as to the performance of the act and does not impose upon him a clear legal duty to act. Therefore, mandamus cannot issue to control the board's discretion. Sewage in Second Class Townships, 60 D. & C. 325 (1947).

"In order to obtain a writ of mandamus the applicant must have a legal right . . . which is specific, well-defined and complete. Mandamus lies only where there is a clear legal right in the plaintiff, a corre-

sponding duty in the defendant, and a want of any other adequate, appropriate and specific remedy. . . . ' "Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong".' ": Borough of Easton v. Lehigh Water Co., 97 Pa. 554; Souder v. Philadelphia, 305 Pa. 1; Goodman et ux. v. Meade et al., 162 Pa. Superior Ct. 587.

In Dechert, Controller, v. Commonwealth, 113 Pa. 229, Mr. Justice Clark stated, at page 235:

"It is well settled that mandamus will lie to compel the performance by public officers of duties purely ministerial in their character, but it is equally well settled that as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion, and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment, or decision which shall be reached."

Therefore, in the instant case, we are asked to compel the township commissioners to construct sanitary sewers by this action in mandamus. This, we cannot do, since it involves judgment and discretion and the empowering act is permissive only. Defendants' preliminary objections as to this relief must be sustained.

But the complaint also alleges that defendants have adopted the intersection of Evans and Frazier Streets as an open sewer, where accumulations of sewage, offal and waste waters exist; that defendants dug a channel from this intersection into adjacent meadows

to carry off the accumulations, which is insufficient, and that the sewage runs along the gutters of these public highways, thus creating a serious health menace. In passing upon the preliminary objections we must consider that all the allegations in the complaint are true and admitted and that a nuisance dangerous to the public exists. The settled law is that municipalities are creatures of the State, whose primary function is to protect the health, safety and welfare of the people. The preservation of the health of the people is uniformly recognized as a most important municipal function and there is a clear duty on the part of the municipal authorities to abate a dangerous health nuisance, such as alleged in the pleadings. While mandamus is not commonly used to compel municipal officers to take action and summarily abate a nuisance, nevertheless, it has been used as a remedy to compel a municipality to discontinue the discharge of sewage into the waters of the Commonwealth (Act of June 22, 1937, P. L. 1987), requiring supervisors to provide sufficient and proper drainage and repair along a public road (Commonwealth ex rel. Sherwood v. Chanceford Township, 27 York 73 (1913)), and to remove obstructions from public streets constituting a public nuisance: Warner v. Taunton, 253 Mass. 116.

The conduct of the commissioners, as alleged in the complaint, in failing to act for 1½ years with full knowledge of the conditions and in permitting the public highways and gutters to be used as open sewers, thus creating a serious and dangerous health menace, would seem to amount to a public nuisance which should be abated as a duty owed the public. How, in what manner, or what means the commissioners will employ to remedy this situation, is entirely a matter for them and no one can dictate what measures to use to correct and remedy this alleged public nuisance. But we feel, since we are passing only on prelimi-

nary objections at this time, and considering the serious allegations of the complaint as true, that defendant commissioners should answer the complaint as to the abatement of this nuisance on its merits.

And now, November 3, 1948, for the foregoing reasons, defendants' preliminary objections as to the construction of sanitary sewers, as to dumping of sewage into the township sewer system and as to repairing a certain sewer channel are hereby sustained, and the preliminary objections as to the abating a dangerous health nuisance on the public highways, is hereby overruled and defendants shall have the right to plead over within 20 days from this date.