**In the Matter of the Libel and Petition of CHINA UNION LINES, LTD., Owners of the S/S UNION RELIANCE, in a cause of Exoneration from or Limitation of Liability.**

No. 2018.

United States District Court
S. D. Texas,
Houston Division.

Oct. 27, 1967.

Dan Hinds, Hinds & Meyer, Houston, Tex., for claimant Armement Deppe, S. A.

J. Donald Stillwell, Stillwell & Brown, Houston, Tex., for plaintiffs Consolidated Mariners and Partenreederei "Marcus Bischoff".

Robert Eikel, Eikel & Goller, Houston, Tex., for China Union Lines, Ltd.

## MEMORANDUM

CONNALLY, Chief Judge.

Included among the maze of litigation ensuing from the collision of the Chinese Motor Vessel UNION RELIANCE with the Norwegian Motor Tanker BEREAN in the Houston Ship Channel in November of 1961 were the claims of the owners of three vessels allegedly delayed by the blocking of the channel. These claims by Armement Deppe, S. A., as owner of the SS LUXEMBOURG, Partenreederie "Marcus Bischoff", as owner of the M/V MARCUS BISCHOFF, and Consolidated Mariners, Inc., as owner of the SS VILLAGE, were timely filed in the limitation proceeding instituted by China Union Lines. At a pretrial hearing, it was determined that proof of these claims should await a decision on the issue of liability for the collision.

This Court found the collision to have been caused by the negligence of the

UNION RELIANCE and entered its interlocutory decree accordingly. The Court of Appeals for the Fifth Circuit affirmed, China Union Lines, Ltd. v. A. O. Andersen & Co., 364 F.2d 769 (1966).

As a result of the collision, the channel was closed to all marine traffic for approximately two days. Although counsel points out that during most of this time the UNION RELIANCE physically obstructed only about half the width of the channel, it is clear that any attempt to pass on the open side would have been extremely hazardous as the vessel was completely aflame and did, from time to time, swing on its anchors to block even this narrow avenue of passage. Accordingly, the Coast Guard acted to prevent further use of the channel until the crippled vessel could be towed away. A fire which broke out aboard the BEREAN was extinguished and the vessel was removed from the channel within a matter of hours after the collision.

The claimants herein allege several items of damage which they contend resulted directly from the blocking of the channel. An interesting and somewhat persuasive argument is advanced for the recovery of these damages, the theory being that the ship's obstruction of the channel created a public nuisance from which the claimants sustained special injuries, as distinguished from the theoretical and common injury suffered by the public in general. See, Gulf Atlantic Transport Co. v. Becker County Sand & Gravel Co., 122 F.Supp. 13 (E.D.N.C. 1954); The Mariposa, 93 F.Supp. 818 (N.D.Ohio 1950); Maier v. Publicker Commercial Alcohol Co., 62 F.Supp. 161 (E.D.Pa.1945). However, I do not consider it necessary to rely on such a theory in determining liability in this instance. As I view it, this is simply a case involving the maritime tort of negligence, for which the vessel's owner is liable for all damages proximately resulting therefrom (it having been previously determined that China Union was not entitled to limit its liability).

Certainly, the UNION RELIANCE owed a duty to all those using or seeking to use the ship channel not to obstruct their passage. Further, it was clearly foreseeable that a negligent collision in the narrow channel would effectively delay all traffic for at least some substantial period of time. When the negligence of the UNION RELIANCE caused the collision, the duty was breached and the foreseeable was made fact. Consequently, such damages as these claimants may prove were incurred because denied normal access to the channel are, in my opinion, recoverable. Cf. Petition of Boat Demand, Inc., 174 F.Supp. 668 (D.Mass.1959); The Mary, 123 F. 609 (S.D.Ala.1903); Piscataqua Nav. Co. v. New York, N. H. & H. R. Co., 89 F. 362 (D.Mass.1898).

In reaching this result, I do not decide whether the UNION RELIANCE was negligent in failing to clear the channel within a reasonable time. Indeed, I do not decide whether the period of time the channel was obstructed was unreasonable. Neither issue is controlling. Whatever the extent of delay—and I consider that a question for the special commissioner in determining damages—it resulted proximately from the negligent collision, there being no intervening agent or factor to break the chain of causation.

The interested parties will be allowed sixty (60) days to come to an agreement as to the amount of damages, if any, sustained by the claimants, failing which a special commissioner will be appointed to hear and determine this issue.

Counsel for the claimants will draft and submit an appropriate order promptly.