### BARBAR LINES A/S, The Brostroms Rederi A/B and The M/V TAMARA

### v.

### M/V DONAU MARU, The Sanko Steamship Company Ltd., (Sanko Kisen K.K.), and Zuito Shipping Co. Ltd.

### Civ. A. No. 83–3015–Z.

United States District Court, D. Massachusetts.

Sept. 12, 1984.

---

Charles R. Parrott, Robert S. Brintz, James B. Conroy, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.

Thomas H. Walsh, Jr., Paul G. Boylan, Ellen Grizch Grant, Bingham, Dana & Gould, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is an action in admiralty by the ship Tamara, her owner, and charterer seeking recovery from defendants for expenses allegedly incurred because an oil spill from defendant vessel prevented the Tamara from docking at its regular berth.[1] Defendants have moved for judgment on the pleadings, dismissing the complaint in accordance with Fed.R.Civ.P. 12(c).[2] They argue that plaintiffs' allegations, even if accepted as true, fail to state any cause of action because the interests harmed are not legally protectible and the harm in any event was too remote and indirect a consequence of defendants' negligence to permit recovery.

In support of the first proposition, defendants rely upon the Supreme Court's holding in *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927) denying recovery to a time charterer for delays caused by defendant dry dock's negligence while repairing the chartered ship. The Court remarked that any loss to the charterer arose only through its contract with the ship's owners and stated that "a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong." *Id.* at 309, 48 S.Ct. at 135. Defendants argue that *Robins* clearly applies to bar recovery on the facts here, since the Tamara's losses arose only from her inability to discharge cargo in accordance with her usual contractual arrangements.

Plaintiffs strenuously contend that the *Robins* decision is inapposite to the facts of this case, which they view as a claim for damages directly caused by defendants' conduct rather than as one for negligent interference by defendants with their contractual unloading arrangements. The cases plaintiffs marshal in support of their position allow recovery for economic damages from oil spills incurred by those whose commercial livelihood depends upon

---

**1.** Specifically, the amended complaint alleges that plaintiffs were "compelled to pay extra port charges, additional charter hire, expend additional bunkers, pay stevedore and terminal charges in excess of those which would customarily have been billed by contract had the vessel worked at her regular berth, and were compelled to pay trucking and other transportation charges for cargoes which were not delivered from the regular pier, and incurred other expenses and losses" because they could not discharge the Boston cargo at the time and pier originally scheduled; and that these expenses of approximately $150,000 were directly caused by the oil spill from defendant Donau Maru which occurred as the result of defendants' negligence.

**2.** I therefore take as true all material allegations of fact in plaintiff's pleadings. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976).

clean water,[3] and from physical obstruction of waterways.[4] Although these cases constitute but a shaky foundation for recovery in this case,[5] taken together with the repeated criticisms of the *Robins* holding by courts and commentators,[6] they suggest that "negligent interference with contractual relations" is a rock strewn analytical path to be trodden only where no other routes of analysis are appropriate. *See Petition of Kinsman Transit Co.*, 388 F.2d 821, 824 (2d Cir.1968) ("*Kinsman II*").

In this case it is more useful to examine the issue of proximate cause, for regardless of how the alleged injuries are characterized, the complaint must show that their relation to defendants' negligence is sufficient to warrant the imposition of liability or plaintiffs have no claim in tort.[7] Defendants rely primarily upon *Kinsman II* for the proposition that recovery must be denied where, although plaintiff's damages were arguably a foreseeable result of defendant's negligence, "the connection between the defendants' negligence and the claimants' damages is too tenuous and remote to permit recovery." *id.* at 825; they assert that here as in *Kinsman II* the relation between the tort and plaintiffs' damages was "only fortuity." *Id.* Defendants prevailed on the basis of this argument in a previous action arising out of the same oil spill in which another vessel sought to recover damages for extra tug service required because access to her usual berth was restricted by a boom put in place to contain the oil. I there held dismissal appropriate in light of *Kinsman II.*

Plaintiffs here have not shown that a different result is justified in their case.

Accordingly, defendants' motion for judgment on the pleadings is allowed and the complaint is dismissed.

---

3. *Union Oil Co. v. Oppen,* 501 F.2d 558 (9th Cir.1974); *Burgess v. M/V Tamano,* 370 F.Supp. 247 (D.Me.1973), *aff'd mem.,* 559 F.2d 1200 (1st Cir.1977); *see also Pruitt v. Allied Chemical Corp.,* 523 F.Supp. 975 (E.D.Va.1981) (toxic chemical).

4. *In re Lyra Shipping Company, Ltd.,* 360 F.Supp. 1188 (E.D.La.1973); *Piscataqua Nav. Co. v. N.Y., N.H. & H.R. Co.,* 89 F. 362 (D.Mass. 1898), *aff'd in part and rev'd in part, N.Y., N.H. & H.R. Co. v. Piscataqua Nav. Co.,* 108 F. 92 (1st Cir.1901); *In re China Union Lines, Ltd.,* 285 F.Supp. 426 (S.D.Texas 1967).

5. The cases cited by defendant applying *Robins* to bar recovery clearly represent the greater weight of authority.

6. *See, e.g., Hercules Carriers, Inc. v. State of Florida,* 720 F.2d 1201, 1203 (11th Cir.1983) (Clark, J., concurring); *Petition of Kinsman Transit Co.,* 388 F.2d 821, 823–24 (2d Cir.1968) ("*Kinsman II*"); W. Prosser, *Law of Torts* § 129 at 940 (4th ed. 1971); 1 Harper & James, *Law of Torts* § 6.10 at 501–505 (1956).

7. Characterization of the claim as one of nuisance does not dispense with this requirement. *See Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023, 1025 n. 4 (5th Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).