**TURBOSOUND, INC., Plaintiff,**

v.

**EASTERN ACOUSTIC WORKS, INC., Defendant.**

**Civ. A. No. 87–1846–S.**

United States District Court, D. Massachusetts.

Oct. 23, 1987.

Lawrence G. Cetrulo, Burns & Levinson, Boston, Mass., for plaintiff.

Ralph C. Copeland, Copeland, Hession, Grindle & Robinson, Wellesley, Mass., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SKINNER, District Judge.

Plaintiff Turbosound, Inc. ("Turbosound") and defendant Eastern Acoustic Works, Inc. ("EAW") both manufacture, distribute, and sell audio equipment on a nationwide basis. Turbosound markets the Turbosound TMS4 loudspeaker system ("TMS4"), while EAW markets the EAW JF500 ("JF500").

Turbosound brought this action against EAW alleging that EAW made false and/or misleading representations of fact about both the TMS4 and JF500 systems, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[1] Said representations were made in promotional literature prepared by EAW for the purpose of product comparison between the JF500 and TMS4 systems. Turbosound also alleges a state law claim for unfair competition.

In lieu of an answer, EAW filed a motion to dismiss for want of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1). EAW argues that Turbosound has alleged no more than product disparagement of the TMS4 system, which is not actionable under the Lanham Act, and that Turbosound has not sufficiently alleged that EAW misrepresented its own JF500 system. It therefore follows, EAW argues, that the federal courts do not have jurisdiction over an otherwise state-based claim.

Both parties have submitted memoranda, and EAW has submitted the affidavit of Kenton G. Forsythe, an employee of EAW. Since the affidavit is, by its own admission, incomplete (Aff. at 2–3), I will not consider the affidavit for the purposes of deciding this motion. As such, I treat this matter as a motion to dismiss under Rules 12(b)(1), 12(c). For the reasons that follow, defendant's motion is denied.

On a motion to dismiss for lack of subject matter jurisdiction, I must take as true all material allegations of fact in the plaintiff's pleadings, *Barbar Lines v. M/V Donau Maru*, 615 F.Supp. 109 (D.Mass.1984), *aff'd*, 764 F.2d 50 (1st Cir.1985). The pleadings must be judged by their substance, however, and not merely by their form, *see* 2A Moore's Federal Practice ¶ 8.34.

In paragraphs 16 through 24, plaintiff catalogs the various factual representations made by EAW in its promotional literature. (Complaint, Exhibit A). Without getting bogged down in minutia, it is fair to characterize the representations in the brochure relating to the TMS4 system as negative, and those representations relating to the JF500 system as positive. In paragraphs 25 and 27, Turbosound alleges that the overall comparisons and claims made regarding both systems are false and/or misleading. That is, not only are the negative factual inferences about the TMS4 system false and misleading, but in addition the positive facts asserted about the JF500 system are also false and misleading. Finally, in paragraph 28, Turbosound identifies the damages sustained as a result of the promotional literature.

The law is well settled in the First Circuit that a claim will not arise under § 43(a) of the Lanham Act where plaintiff alleges only disparagement of plaintiff's products, *Samson Crane Co. v. Union Nat. Sales*, 87 F.Supp. 218, 221–22 (D.Mass.1949). Rather, § 43(a) is intended to apply where the defendant has made false and/or misleading statements about

---

1. 15 U.S.C. § 1125(a) makes it unlawful "falsely to describe or represent" goods in commerce, and gives a cause of action to "any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

its own products that may cause damage to another, *id.; see generally,* J. McCarthy, Trademarks and Unfair Competition § 27:4. Thus far, plaintiff has alleged both false representations about EAW's JF500 system and product disparagement of Turbosound's TMS4 system. This is not fatal to plaintiff's cause. On the contrary, plaintiff has sufficiently pleaded both a federal claim under 15 U.S.C. § 1125(a), and a state claim for product disparagement, in addition to whatever other claims may be included under Count II of the complaint, *see Bose Corp. v. Consumers Union of U.S., Inc.,* 529 F.Supp. 357 (D.Mass.1981). Accordingly, defendant's motion to dismiss is DENIED. With respect to defendant's motion for a more definite statement, Fed.R. Civ.P. 12(e), plaintiff is hereby ordered to state with more particularity which Massachusetts statutes it refers to in Count II of the complaint.