JAMES W. BROOKS *vs.* SETH TWITCHELL.

Worcester.    December 2, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Equity Jurisdiction*, To enjoin enforcement of judgment at law, Laches.

A bill in equity will lie to enjoin the enforcement of a judgment at law, which was entered under a general order without the knowledge of the parties, after it had been agreed that the defendant at law, who had both a defence and a counter claim, might enter his appearance at any time and that no advantage should be taken of any delay in doing so.

It is not laches on the part of the plaintiff in a suit in equity to enjoin the enforcement of a judgment at law, that he relied on the assurance of the attorney for the plaintiff in the action at law, before the judgment, that he would take no advantage of any delay of the defendant at law in entering his appearance, and, after the judgment, on an assurance that the judgment should be vacated and an assent in writing to the granting of a motion to vacate it, if the plaintiff in equity, as soon as he found that the plaintiff at law repudiated the promises of his attorney and was determined to enforce the judgment by an action, sought at once to enforce his rights by legal proceedings and prosecuted them without delay.

In a suit in equity in the Superior Court to enjoin the enforcement of a judgment of the same court in an action at law, a decree may be entered, enjoining the judgment creditor from further prosecuting his action on the judgment, and ordering, that with the consent of the judgment debtor the judgment may be vacated on motion of the judgment creditor, and that thereupon the case shall be restored to the docket, an answer and declaration in set-off shall be filed, and the action shall proceed to trial.

BILL IN EQUITY, filed in the Superior Court December 13, 1900, to enjoin the enforcement of a judgment in an action at law.

In the Superior Court *Braley* J. overruled a demurrer to the bill, and made the final decree which is stated in the next to the last paragraph of the opinion.    The defendant appealed.

*T. F. Gallagher*, for the defendant.

*J. B. Warner & A. H. Brooks*, for the plaintiff.

BARKER, J.    Two appeals are before us, one from an interlocutory decree overruling a demurrer to the bill, and one from a final decree for the plaintiff entered after a hearing upon the merits.    As there is no report of the facts and no statement of the evidence the questions are whether the demurrer was over-

ruled rightly and, if so, whether the final decree could be entered upon the bill as it was framed. *Langmaid* v. *Reed*, 159 Mass. 409, 411. *Commonwealth* v. *Suffolk Trust Co.* 161 Mass. 550.

1. The first ground of demurrer is for want of equity and raises the question whether a court of equity has jurisdiction to enjoin the enforcement of a common law judgment. It is settled here that equity has that power. *Currier* v. *Esty*, 110 Mass. 536. *Amherst College* v. *Allen*, 165 Mass. 178. For an intelligent statement of the doctrine and citation of the cases see Mr. Merwin's work on Equity, §§ 86, 87, 120, 137–140, 142, 571, 844, 845.

The facts alleged in the bill bring the case within this doctrine. Their substance is that the defendant having brought a suit at law against the plaintiff, and the latter having both a defence and a counter claim which could be pleaded in set-off, the parties agreed that the present plaintiff might enter his appearance in the suit at law at any time, and that no advantage should be taken of any delay in that regard; that a default and a judgment in favor of the plaintiff at law having been entered under a general order soon after the making of this agreement, without the knowledge of the plaintiff at law or his attorneys or of the defendant at law, and more than two years having passed since the entry of this judgment, the judgment creditor attempted to enforce it by an action at law upon the judgment.

The first agreement on which the present plaintiff relies was made between himself and the attorneys who brought the action at law, and was in November, 1895. The judgment was entered on December 2, 1895. The fact that it had been entered seems to have been unknown to all parties until January, 1898. When it became known to the parties the plaintiff at law demanded that the judgment should be enforced by suit, his attorneys on the other hand declared that the entry of the judgment was contrary to the understanding and agreement made with the defendant at law, and endeavored to have the judgment vacated and the case brought forward for trial. Two separate motions looking to that end were prepared and attempted to be filed in the suit at law, one in the name of the plaintiff and another in the name of the defendant. The motion in the name of the

plaintiff at law the clerk would not allow to be filed. The motion of the defendant at law was indorsed by the attorneys of the other party with a statement that it might be filed and allowed and the judgment be vacated, and this motion was put upon the files and is now with the papers in the case. In this situation of affairs the plaintiff at law insisting upon enforcing the judgment his attorneys withdrew and on May 5, 1900, he brought suit upon the judgment, and immediately thereafter the present plaintiff brought in the law court a petition to vacate the judgment, and an action of contract for breach of the agreement of November, 1895, and subsequently on December 13, 1900, brought the present bill upon the equity side of the same court.

On May 11, 1901, the present plaintiff having previously been required to elect between his remedies by petition to vacate the judgment and by the present bill and his action at law for breach of the agreement of November, 1895, the petition to vacate the judgment and the bill in equity were ordered to be consolidated and tried together but without prejudice to the right of the present plaintiff to elect between his remedy by petition and by bill in equity.

It thus appears that the present plaintiff had a good defence to the action at law. The attorneys for the plaintiff in that action gave the present plaintiff a clear assurance in writing that no advantage should be taken of any delay in entering an appearance, and it was not negligent in him to rely upon that assurance. See *Pearce* v. *Olney*, 20 Conn. 544 ; *Metcalf* v. *Williams*, 104 U. S. 93 ; *Kent* v. *Ricards*, 3 Md. Ch. 392. When he discovered that the judgment had been entered it was already too late to have it vacated upon motion or by ordering proceedings for review. R. L. c. 193, §§ 14, 22. Even if, as we do not decide, the judgment was one " rendered in the absence of the petitioner and without his knowledge," so that his petition for review might be filed within one year after he first had notice of the judgment, the acts of the attorneys of the judgment creditor who agreed in writing that the judgment should be vacated justified him in omitting to make such a petition until the attitude and acts of the attorneys were repudiated by the judgment creditor himself. From this it also appears that the

present plaintiff not only had a good defence to the action at law, but also that without his own fault or negligence he was unable to avail himself of that defence pending the suit at law, and that it would, because of the assurances of the attorneys who brought and conducted that suit, be against conscience to enforce the judgment.   Therefore the demurrer could not be sustained on the ground that there was no equity in the bill.   See *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332, 336 ; *Hendrickson* v. *Hinckley*, 17 How. 443, 445; *Crim* v. *Handley*, 94 U. S. 652; *Carrington* v. *Holabird*, 17 Conn. 530 ; *Wingate* v. *Haywood*, 40 N. H. 437, 441; *Hibbard* v. *Eastman*, 47 N. H. 507.

The other grounds of demurrer are that the bill was not filed within one year after the entry of the judgment, nor within one year after the plaintiff first had notice of it, that his remedy is barred by lapse of time and that he has a plain, adequate and complete remedy at law.   Lapse of time of itself could be no bar to the bill while the plaintiff had a remedy by the ordinary proceedings for a review of the judgment because his right to apply to the equity side of the court could not arise until all possible proceedings to review the judgment upon the law side of the court were barred by the expiration of the time provided by statute in which to begin such proceedings.   There is no statutory provision that such bills in equity shall be brought within a certain time.   Therefore all the considerations urged in support of these grounds of demurrer resolve themselves into the single defence of laches.   In our opinion it was not laches for the present plaintiff to rely upon the assurances of the attorneys for the other party up to the time when they informed him in January, 1898, of the entry of the judgment, nor to rely upon their assurances that the judgment should be vacated and upon his own motion to vacate it assented to in writing by the attorneys of the judgment creditor until the time when they withdrew having found that the judgment creditor repudiated their course and was determined to enforce the judgment by an action.   The present plaintiff then immediately sought to enforce his rights by legal proceedings and has since prosecuted them without delay.   His whole course of action has been such that upon the demurrer it could not be said that clearly he had been guilty of laches, and upon the hearing of the case upon the

merits the court could find as a fact that he had not been guilty of laches.

The remaining question is as to the substance of the final decree. It enjoins the judgment creditor from further prosecuting his action now pending upon the judgment, and further orders that with the consent of the judgment debtor the judgment may be vacated on motion of the judgment creditor and that thereupon the case shall be restored to the docket, the answer and declaration in set-off be filed and the action proceed to trial.

The decree, so far as form is concerned, is justified by the frame of the bill. It is no doubt true that a court of equity cannot under the jurisdiction now invoked set aside or vacate the judgment at common law of another distinct court. But the court which entered the judgment and that which made the decree is one and the same court. Its judgment upon the law side could be released or discharged by the judgment creditor. The decree provides that it shall be vacated only upon the motion of the party in whose favor it was entered and who had power to discharge it. We see no good reason why if the same court which entered the judgment and all the parties to it assent in writing upon the record that the judgment shall be vacated and the case brought forward and tried this cannot be done.

> *Order overruling demurrer affirmed ; final decree for plaintiff affirmed.*