THOMAS F. TIGHE & another *vs.* MARYLAND CASUALTY COMPANY.

Suffolk.    January 12, 1914. — January 12, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Supreme Judicial Court. Practice, Civil*, Amendment, Exceptions. *Words*, "Amendment."

In the provision of St. 1913, c. 716, § 3, that "the Supreme Judicial Court, upon any appeal, bill of exceptions, report, or other proceeding in the nature of an appeal in any civil action, suit or proceeding, shall have all the powers of amendment of the court below," the word "amendment" refers only to pleadings and process, and gives this court no power to allow a correction of a statement contained in a bill of exceptions constituting a part of the record of the facts on which the trial judge based his action. The proper way to accomplish such a correction, since the enactment of the statute as well as before it, is by a motion that the bill of exceptions be discharged for the purpose of correction by the trial judge.

MOTION, filed in this court on January 12, 1914, as follows:

"And now comes the defendant in the above entitled action, and moves that the defendants' bill of exceptions heretofore filed in this case be amended in accordance with the provisions of Chapter 716, Acts of 1913, Section 3, so as to insert in said bill of exceptions immediately preceding the first line on page 14 thereof the following words: 'The foregoing contains all the evidence material to this bill of exceptions.'"

The motion was signed and presented to this court by *E. I. Taylor,* for the defendant, and an agreement that the motion might be filed and allowed was indorsed upon it and was signed by *D. H. Coakley,* for the plaintiffs.

RUGG, C. J. This is a motion presented to the full court, signed by counsel representing all parties, that a bill of exceptions regularly allowed by a judge of the Superior Court be amended by the addition of a material statement. It is urged that power to grant petitions of this nature is conferred by St. 1913, c. 716, entitled, "An Act to simplify Legal Procedure." It is provided by § 3 that "The Supreme Judicial Court, upon any appeal, bill of exceptions, report, or other proceeding in the nature of an appeal in any civil action, suit or proceeding, shall have all the powers of amendment of the court below." The word "amendment," when found in statutes relating to procedure and practice, commonly refers only to pleadings and process. See R. L. c. 173, §§ 48–53, 69, 70, 121; c. 163, § 167; c. 159, § 6; c. 197, § 14; c. 193, § 32; c. 158, § 3; c. 167, § 18; c. 203, § 19. It would require explicit and unequivocal language to warrant attaching to it a different meaning. There is nothing to St. 1913, c. 716, to indicate that it is used with another signification. On the contrary its whole tenor shows that the word is employed in the same sense as elsewhere in statutes touching practice. The obvious purpose of the phrase above quoted is to enable this court to remove difficulties of pleading and process in the way of final disposition of a cause which appears to have been fully and fairly tried on its merits, and otherwise is ripe for judgment. It has an ample field for operation without stretching it to include that which is not within its natural significance.

There are inherent obstacles in giving the statute any other construction. The word "amendment" does not easily lend it-

self to an interpretation applicable to bills of exceptions, reports or appeals. These constitute the record of the action of the trial judge. Facts upon which his conduct, rulings and decision were founded cannot in the nature of things be changed justly without his consent. Allowance of a bill of exceptions by a judge is a certificate by him of its truth. So long as he is alive and not incapacitated, he alone with propriety can determine whether a modification is needed to express the full truth. A report presents for the consideration of this court a definite question or questions of law. This is the act of the judge. It is difficult to conceive of a change in such a matter made by any one other than the judge who has framed and signed the report.

The proper way to accomplish that which this petition prays for, since the enactment of St. 1913, c. 716, as well as before, is to ask that the exceptions may be discharged for the purpose of correction by the trial judge. *Ashley* v. *Root,* 4 Allen, 504. See also *Commonwealth* v. *Suffolk Trust Co.* 161 Mass. 550; *Robinson* v. *Brown,* 182 Mass. 266.

*Petition dismissed.*

NOTE. The rescript, which accompanied the foregoing opinion and ordered that the petition be dismissed, was issued on January 12, 1914. On a subsequent motion another rescript was issued on January 19, 1914, ordering that the bill of exceptions be discharged, and that the exceptions be remitted to the Superior Court for such amendment as the parties desired to make.