WALTER D. BURBANK *vs.* JOHN T. FARNHAM & another.

Suffolk.    November 12, 1914. — November 30, 1914.    March 31, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Municipal Court of the City of Boston,* Discharge of appeal from Appellate Division. *Supreme Judicial Court,* Discharge by full court of record for amendment. *Contract,* Implied in law.

Where, on an appeal from a decision of the Appellate Division of the Municipal Court of the City of Boston dismissing a report of a ruling of a single judge of that court, it does not appear by the record whether all the material evidence upon which the findings of the single judge were based is stated or described, this court will grant a motion that the appeal be discharged to enable the party who requested the report to move for its correction by adding thereto the statement that it contains all the material evidence.

When such an appeal is discharged for such a correction of the record, the case goes back to the Appellate Division, who will remand it to the single judge for amendment of his report; and, if the report is amended by him by the addition of the required statement, it should be presented to the Appellate Division, who will make a decision upon the report in its amended form, from which an appeal should be taken to this court.

Statement by RUGG, C. J., of the practice of this court in regard to the discharge of exceptions, reports, reservations or appeals from the Superior Court or the Supreme Judicial Court for the purpose of correcting the record by amendment.

An action of contract for money had and received to the plaintiff's use cannot be maintained against one who received and collected a check drawn by the plaintiff payable to the order of a non-existent corporation and delivered by the plaintiff to a fraudulent person and who in good faith paid over to such fraudulent person the whole proceeds of the check.

RUGG, C. J.   This case comes before us on an appeal from a decision of the Appellate Division of the Municipal Court of the City of Boston dismissing a report.   During the oral argument before this court it was suggested that the record did not set out all the material evidence upon which the findings of the single judge of that court were based.   Opposing counsel not agreeing upon this point, a motion was made that the appeal be discharged, not on its merits but in order that the report might be corrected in this regard so that it might state the fact whether it did contain all such evidence.

The motion should be granted.   An appeal from the Municipal Court of the City of Boston in this respect stands the same as exceptions from the Superior Court.   By St. 1912, c. 649, § 8, any party aggrieved by any ruling on a matter of law by a single judge of the Municipal Court of the City of Boston "may, as of right, have the ruling reported for determination by the Appellate Division."   That court also is given authority to make rules to regulate the preparation and submission of reports and the allowance of those disallowed by a single judge.   Pursuant to that authority a rule has been adopted which puts upon the party requesting a report the burden of preparing a draft to be submitted to the judge, who is required to "allow such report or such amended form thereof as may be necessary to conform to the facts, or disallow the same, in whole or in part."   Rule 38.   Provision also is made by Rule 41 for the establishment of reports by the Appellate Division which have been disallowed by the single judge.

The statute and rules do not prevent this court in proper cases from discharging a case pending here when there is reason to believe that through mistake, inadvertence or oversight the record does not present fairly the question of law of which review is sought.   It sometimes, though rarely, happens that exceptions or a report or reservation from the Superior Court or the Supreme Judicial Court are discharged for the purpose of correcting the record in order that justice may be done.   *Tighe* v. *Maryland*

*Casualty Co.* 216 Mass. 459. In strictness the exceptions, or in an equity case the appeal, are no longer pending in the Superior Court after entry in this court and there is nothing left in that court upon which a judge can act, even for the correction of errors. *Commonwealth* v. *Suffolk Trust Co.* 161 Mass. 550. *Robinson* v. *Brown,* 182 Mass. 266. The exceptions or appeal must get back into the trial court before anything more can be done there. It has been the uniform practice of this court for many years, when it seems likely that justice requires it, on motion to discharge exceptions, report, reservation or appeal, in order that corrections may be made in the record by the court from which the case comes here. In such instances the names of the cases have been continued in this court for re-entry of the proper papers without the payment of another entry fee. This is the accurate and correct practice. Another course, however, sometimes has been taken in England. Both parties by consent have gone before the trial judge and obtained from him a certificate to the effect that there is error in the record transmitted to the appellate court, setting forth its nature and making the correction, and such certificate agreed to by the parties has been presented to the appellate court and treated as a part of the record. This course was followed in *Culley* v. *Doe,* 11 Ad. & El. 1008, 1013. It was sanctioned by citation in *Perry* v. *Breed,* 117 Mass. 155, 164. See also *McCarren* v. *McNulty,* 7 Gray, 139. But of right the trial court judicially can consider the subject of mistake or amendment only after authority obtained from this court. That authority must be given, using terms accurately, by remanding the record to the trial court for correction or for hearing upon correction. The case thus temporarily is sent back from this court, although the copies and other papers, if any, not connected with that part of the record in which correction or amendment is sought, remain here. Hence, the case is not here in any substantial sense, although it has not been decided on its merits. This is an amplified statement of the effect of *Perry* v. *Breed,* 117 Mass. 155.

On principle like procedure should be followed as to cases from the Municipal Court of the City of Boston. This method of procedure must be modified slightly to conform to the practice established by statute for appeals from the Appellate Division. Hence, when the appeal is discharged it must go back to that

tribunal. As the record alleged not to be correct was not made by that tribunal, but by the single judge, it should be remanded to him by the Appellate Division for amendment of the report by stating whether the report, which was made by him, contained all the material evidence. Then the report in usual course should come to the Appellate Division, which should make a decision upon the report in its amended form and its decision should be brought by appeal to this court. In cases where the form of the report is established by the Appellate Division, after having been disallowed by the trial judge, there is no occasion to send it to him, for then the Appellate Division is qualified to pass on the question of mistake or omission. This is a simple and direct method. It need involve no delay if the omission in the record was only one of form and not of substance. It conforms to all the requirements of St. 1912, c. 649. If in any instance a change of substance is made in the report, a rehearing on the merits and not a formal re-entry of its earlier decision would be required.

Let the appeal be discharged, not on its merits but to enable the defendants to move for correction of the report by adding thereto the statement that it contains all the material evidence.

*So ordered.*

IN PURSUANCE OF the order contained in the rescript accompanying the foregoing decision, the Appellate Division of the Municipal Court of the City of Boston remanded the report in the action to the trial judge, and upon a motion of the defendants that judge amended the report by adding thereto the words, "January 1, 1915. The foregoing report contains all the material evidence." The judge then returned the report to the Appellate Division, who made an order that the report as amended be dismissed, and the defendants appealed from the order.

Thereafter this court considered the case upon its merits. It was an action of contract brought on November 28, 1913, against two defendants, Farnham and Nelson, as copartners doing business under the name of Farnham and Nelson Company, for the sum of $450 alleged to have been received by the defendants to the plaintiff's use. There was a declaration in set-off on a counterclaim of the defendants for $46.57. The evidence before the single

judge of the Municipal Court is stated in substance in the opinion on the merits. The first ruling requested by the defendants and refused by the judge, which is referred to in the opinion, was that upon all the evidence the plaintiff was not entitled to recover. The defendants also asked the judge to rule that, if the Maine Products Company, mentioned in the opinion, was a *de facto* corporation and the defendant Farnham was its *de facto* treasurer, the defendants were not liable to the plaintiff. The judge found that the Maine Products Company "was not a *de facto* corporation as to the plaintiff's claim," and therefore refused to make the ruling as not being applicable. The judge found for the plaintiff in the sum of $407.65 and disallowed the declaration in set-off.

*Lee M. Friedman,* for the defendants.

*J. N. Johnson,* for the plaintiff.

DE COURCY, J. One Dennis induced the defendants Farnham and Nelson individually to join with him in forming a company to be known as the Maine Products Company. Dennis employed the Corporation Security Company to incorporate the Products Company under the laws of Maine. An organization meeting was held in Biddeford, Maine; and on December 18, 1912, at a meeting held in Boston, Dennis was elected president, the defendant Farnham treasurer, and the defendant Nelson secretary. By a vote of the directors Dennis was given full power to sell stock of the Maine Products Company, and to indorse checks, which later were to be turned over to the treasurer. For some unexplained reason the company did not in fact receive a charter from the State of Maine.

The plaintiff entered into negotiations with Dennis in relation to the new company, and as a result gave him (Dennis) a check for $450, dated April 10, 1913, and payable to the order of the Maine Products Company; and he received a certificate for five thousand shares of the capital stock of the Maine Products Company. All the plaintiff's dealings and arrangements were with Dennis, who was the only person he knew in connection with the company, until he made a demand on the defendants in August.

The plaintiff's check was brought by Dennis to the office of Farnham and Nelson, and was cashed by them at his request, — $200 being paid to Dennis at the time and the balance later, on his

order. The stock certificate given to the plaintiff was one of a number that Farnham had given to Dennis, signed in blank. It appeared that the defendants had no experience with corporation matters, that they believed a charter had been issued and the corporation legally organized, and that they paid out more than was received from this, the only sale of stock.

The plaintiff's grievance is that he contracted to buy stock in a Maine corporation, and that what he received was not stock in a corporation. Assuming in his favor, without so deciding, that the Maine Products Company was not a *de facto* corporation, and that he is not estopped to impeach the legality of its organization, it is to be noted that he is not seeking the repayment of his money from Dennis, who is alleged to have practiced the fraud upon him. This action is brought against Farnham and Nelson as copartners. It is settled that the plaintiff cannot rescind the contract of purchase and recover against the others associated with the attempted incorporation on the ground that the members of the invalid organization became partners. *Perry* v. *Hale,* 143 Mass. 540. As to the firm of Farnham and Nelson, the only connection they had with the sale to the plaintiff was through his check for $450. It is stated in his brief that "the plaintiff's case is an action for money had and received to his use and proceeds upon the theory of unjust enrichment." By this phrase presumably is meant that the defendants have retained for their own use the money of the plaintiff, contrary to law and justice. See Ames, Lectures on Legal History, 162. The evidence however does not support such a claim. It appears that the defendants were not "enriched" by the plaintiff's purchase money, but acted merely as the conduit of it. They deposited the check in their bank account apparently because the Maine Products Company had no bank account of its own. They paid out the entire amount of the proceeds to, or to the order of, Dennis, from whom they had received the check. Even assuming that they could have been held liable to the plaintiff while the money was in their possession, they had none of the proceeds in their hands in August, when the plaintiff undertook to rescind the sale as against the other party to it, whether that party was Dennis personally or a *de facto* corporation. Acting in good faith the defendants had paid over the entire sum to the order of Dennis, while the right to avail them-

selves of the plaintiff's check remained unquestioned; the last of the money, $46.57, having been paid to the plaintiff himself on May 7, 1913. See *Cole* v. *Bates,* 186 Mass. 584; *Brown* v. *Pierce,* 97 Mass. 46; *White* v. *Dodge,* 187 Mass. 449. It should be added that the question of the individual liability of Farnham for signing the stock certificate in blank is not involved in the case presented, and has not been considered.

We are of opinion that the first ruling requested of the defendants should have been made. The order dismissing the report must be reversed; and judgment for the defendants under St. 1913, c. 716, is to be entered by the Municipal Court. *Loanes* v. *Gast,* 216 Mass. 197.

*So ordered.*