. ERNEST DEAN *vs.* HENRY E. BOLDUC.

Worcester. September 23, 1936. — November 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Gross, Motor vehicle, In use of way, Contributory. *Practice, Civil,* Charge to jury.

Evidence, that one, operating an automobile while under the influence of intoxicating liquor, on a foggy night over a wet road, collided several times with an automobile in front notwithstanding remonstrances from a guest, and shortly thereafter, when his speed was thirty-five to forty miles per hour, ran off the road and struck a tree, warranted a finding of gross negligence on his part.

A ruling that a guest in an automobile as a matter of law was guilty of contributory negligence was not required by evidence that he did not avail himself of an opportunity to leave the automobile following persistent improper driving by the operator whom he knew to be somewhat under the influence of intoxicating liquor, but who promised him to drive carefully.

TORT. Writ in the Superior Court dated June 4, 1930.

The action was tried before *Donnelly,* J., who denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*M. J. Rubin,* (*J. G. Harnedy & J. C. McDonald* with him,) for the defendant.

*C. W. O'Connor,* for the plaintiff.

LUMMUS, J. This is an action for personal injuries sustained by the plaintiff while riding as a guest in the de-

fendant's automobile in the early morning of May 2, 1930. The evidence tended to show the following facts: The parties went together at about eleven o'clock in the evening to a cottage at a lake, where there were four other men and four women. The company were eating, drinking beer, talking, singing and dancing. It could have been found that both the plaintiff and the defendant were sober, although the defendant testified that both had "a slight jag on." About one o'clock in the morning the parties left the cottage in the defendant's automobile which was driven by the defendant. That automobile followed another driven by one Smith, and at one point on the road the defendant drove so as to push the Smith automobile. The plaintiff remonstrated, and the defendant said he would not do it again; but farther on he did the same thing, and still farther on at a curve or corner he bumped into the Smith automobile. Some of the passengers in the Smith car got out, as did the plaintiff and the defendant, and pulled the automobiles apart. All expostulated with the defendant, and he promised that he would drive properly thereafter. The night was foggy, and the roads were wet. The plaintiff and the defendant started again, and the defendant drove carefully for a time, but soon began to drive fast, at about seventy miles an hour, notwithstanding the entreaties of the plaintiff to drive more slowly. At a corner, the automobile left the road and hit a tree, and the plaintiff was hurt. The defendant estimated his speed at thirty-five or forty miles an hour as he approached the curve, instead of seventy miles an hour.

The judge charged fully as to the meaning of gross negligence, quoting from *Altman* v. *Aronson*, 231 Mass. 588. The defendant excepted to the following passage in the charge: "The plaintiff's testimony is that the car was travelling at seventy miles an hour. The defendant's testimony is that it was thirty-five or forty. What was it, gentlemen? That is a question for you to decide; and you may say that thirty-five or forty miles an hour under the circumstances constituted gross negligence." This was not a ruling that a speed of thirty-five or forty miles an hour,

without more, supports a finding of gross negligence. *McKenna* v. *Smith,* 275 Mass. 149. *Stetson* v. *Howard,* 284 Mass. 208. *Richards* v. *Donohue,* 285 Mass. 19. *Desroches* v. *Holland,* 285 Mass. 495. *Adamian* v. *Messerlian,* 292 Mass. 275. The instruction was based not merely on speed, but on all the circumstances. Not only was there evidence that the road was wet, but the jury could have taken the defendant at his word and found that he was under the influence of liquor. *Learned* v. *Hawthorne,* 269 Mass. 554, 561, 562. *McCarron* v. *Bolduc,* 270 Mass. 39. *Caldbeck* v. *Flint,* 281 Mass. 360. *Stowe* v. *Mason,* 289 Mass. 577. See also *Cook* v. *Cole,* 273 Mass. 557, 562; *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. Besides, the earlier conduct of the defendant in driving his automobile could be found to give color to his conduct at the time of the accident. There was evidence of "impatience of reasonable restraint" and of "persistence in a palpably negligent course of conduct over an appreciable period of time." *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. *Channon* v. *Lynch,* 292 Mass. 316. *Lefeave* v. *Ascher,* 292 Mass. 336. The evidence taken as a whole warranted a finding of gross negligence.

In one place in the charge the judge said, "And when you have come to the limit of what [care] a careful and prudent driver would be expected to use under the circumstances in the ordinary case, then add something to that. It is necessary to add something to that in order that you may arrive at gross negligence." Taken literally and by itself, this might be thought to mean that gross negligence is consistent with a manifestation of more than ordinary care. But the context shows that the jury could not have been misled. The nature of gross negligence was explained fully and accurately.

The defendant contends that the plaintiff was guilty of contributory negligence as matter of law in riding with him, and excepted to the following passage in the charge: "What was his [the defendant's] condition? Now, in considering that element with reference to the due care of the plaintiff, of course, gentlemen, if Mr. Bolduc was under the

influence of liquor, and Mr. Dean knew it, and knowing it, and knowing of his condition, knowing the condition that he was in, undertook to ride with a drunken man, that is an element for your consideration as to whether or not he used due care. You say, gentlemen, whether if he knew if Mr. Bolduc was under the influence of liquor, and if Dean knew it, was his condition such that the ordinarily careful and prudent man would have said, 'No, I won't ride with such a driver.' Was his condition such that Mr. Dean was justified in assuming that he would drive as the ordinarily careful and prudent driver, or that he would not be guilty of gross negligence towards his guest." The defendant argues that the judge should have instructed the jury that if the defendant was under the influence of liquor to the knowledge of the plaintiff, the plaintiff was as matter of law guilty of contributory negligence in riding with him. Cases may occur in which the incapacity of a driver of an automobile is so clear and obvious that one may be held guilty of contributory negligence as matter of law in riding with him; but in this case the question was properly left to the jury. *O'Connell* v. *McKeown,* 270 Mass. 432, 435. *Stowe* v. *Mason,* 289 Mass. 577, 581, 582. The earlier misconduct of the defendant did not as matter of law make it negligent of the plaintiff to trust his promises to drive properly afterwards. Compare *Laffey* v. *Mullen,* 275 Mass. 277; *Curley* v. *Mahan,* 288 Mass. 369, 373, 374.

*Exceptions overruled.*