Morton, J.
This is a motion of the defendant to dismiss the plaintiff’s petition to establish a report. The motion was argued before three justices of this Court at a regular sitting.
A trial on the merits was duly had, and on April 22,1937 the finding was made for the defendant. Notice thereof was mailed to parties on the same day. On April 27,1937 the plaintiff filed a request for a draft report but failed to include therein the request or requests for rulings filed at or before the hearing on the merits. We state the matter in this way because the petition to establish a report states *589 that but one request for ruling of law was filed at the close of the hearing. The docket record before us contains this notation, “March 10, 1937 plaintiff’s requests for rulings filed. ’ ’ The hearing was held on that date. On May 1,1937 a draft report was filed by the plaintiff and on May 4 a request for a hearing thereon. On May 10, 1937 the defendant filed motions to dismiss plaintiff’s request for draft report, the plaintiff’s draft report, and the plaintiff’s motion for a new trial which had previously been filed. On June 11, 1937 the defendant’s motions were allowed and the plaintiff’s motion for a new trial denied. On June 16, 1937 the plaintiff’s petition to establish a report was filed and on June 18, 1937 the plaintiff filed the motion now before us.
After filing the draft report the plaintiff, by his attorney, sent a notice of such filing to counsel for the defendant as follows:
“I enclose herewith copy of draft report in the above entitled action, the original of which I am filing with the Clerk of the Third District Court of Eastern Middlesex.”
The reasons submitted by the defendant in his motion to dismiss the petition to establish the report was an alleged failure on the part of the plaintiff to comply with the Eules of the District Courts (1932 Ed.). This motion was properly allowed for two reasons.
First, because the request for a draft report did not contain the request or requests for rulings filed by the plaintiff, and it makes no difference whether one or more requests were filed. Proceedings relative to the establishment of a report have been held to be similar to proceedings relative to the allowance of a bill of exceptions. Burbank v. Farnham, 220 Mass. 514, Burick v. Boston Elevated Railway Co., 1936 A. S. 501, and proceedings in *590 either ease must be regarded as strictissimi juris. Bishop, Petitioner, 208 Mass. 405. Therefore,- there must be strict compliance by a party with the statutory regulations and rules of courts relative to the establishment of reports. Rule 27 of the District Courts requires that a request for a report “shall contain a clear and eoncise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification.” In Rollins v. Perry, 284 Mass. 488 the issue was an appeal from an order of the Appellate Division dismissing a petition to establish a report for the reason that the request for a draft report did not contain the requests for rulings filed by the defendant. The order of the Appellate Division was affirmed in a per curiam decision in which the Court says at page 489:
“It is plain that this request did not conform to the rule. It contained no ‘statement of the rulings’ upon which the rehearing was desired. It merely referred to requests for rulings which had been filed by the defendant in writing and which perhaps might be identified. The rule requires something more. It demands a full and accurate statement of the rulings concerning which review is sought.”
In Stafford v. Commonwealth Co., 263 Mass. 240 the same issue was raised and upon appeal the order of the Appellate Division denying a petition to establish a report was allowed, the Court saying at page 242:
“It is apparent that the Appellate Division rightly discharged the report on the ground that the defendant had not shown itself to be entitled to a report.”
In the instant case the plaintiff is not entitled to a report in consequence of the omission of his request or requests for rulings from his request for a draft report.
The second reason why the plaintiff is not entitled to a report is his failure strictly to comply with the rule as.to the giving of notice to the other party of the filing of his *591 draft report. Rule 28 of the Rules of District Courts provides, as to the giving of such notice:
“A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the adverse party before the close of the next business day after such filing.”
In the case at bar the draft report was mailed by the plaintiff to the Clerk of Court on April 30,1937 and on the same day a copy thereof was mailed to counsel for the defendant enclosed in a note which we have hereinbefore quoted. The copy of the draft report not, therefore, be deemed to have been mailed before the close of the next business day after such filing. Strict construction of the rule would seem to require the mailing or delivery of the copy after the filing of the original. We say this in consequence of the case of Arlington Trust Co. v. Le Vine, 289 Mass. 585. In that case counsel for the defendant filed a bill of exceptions and on the same day sent a copy thereof to opposing counsel in a letter worded as follows:
“I am enclosing herewith copy of the Defendant’s Bill of Exceptions in the above entitled matter, original of which I am this day fifing with the Clerk of the Superior Court at Boston.”
The letter was received by counsel for the plaintiff on the next day. The Court held that there was failure' to comply with the statutory provision as to notice, quoting from Walsh v. Feinstein, 274 Mass. 597, where the Court says relative to the requirement as to notice:
“These words plainly mean that the fifing must occur first and that the notice must follow to report and give information of a past event.”
In the Arlington Trust Co. case the Court then went on to say at page 586:
“There has always been strict construction of the.statutes and rules as to the giving of notice of fifing ex *592 ceptions. . .- .. The rule that the law generally is not concerned with fractions of a day, . . . has no relevancy in this connection. ”
Although the case is somewhat close, we think that Arlington Trust Co. v. Le Vine is decisive of the matter now under consideration. Although the rule does not require notice to he sent, it does require that a copy of the draft report shall be delivered or mailed before a certain time after the filing of the original. We think that a strict construction of this rule would require that the draft report be filed and that thereafter, and before the close of the next business day, a copy thereof should be delivered or mailed to the opposing party. This failure strictly to comply with the rule was a proper reason for allowing the motion now before us.
There was no error in the allowance of the defendant’s motion to dismiss the petition to establish a report. An order will be entered denying the petition.