FRANK H. GOODWIN *vs.* ALBERT J. WALTON.

Middlesex.    May 10, 1937. — November 29, 1937.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Gross, Motor vehicle, In use of way. *Practice, Civil*, Exceptions: amendment of bill. *Evidence*, Presumptions and burden of proof, Of speed.

A bill of exceptions as allowed by the trial judge cannot be amended by a mere stipulation of the parties filed in this court.
Evidence that the driver of an automobile at night intermittently reduced an excessive speed because of remonstrances from a guest, but each time returned to it, warranted a finding of persistence in a negligent course of conduct and that he was guilty of gross negligence when, in making a turn in the road at such speed, he collided with the rear of an unlighted automobile going in the same direction.
After a plaintiff had testified that he had a "notion" that the speed of an automobile in which he was riding was about sixty miles an hour, testimony by him on cross-examination that his "estimate" of speed was "merely a guess" and that he wanted to leave his testimony that way, was not a repudiation of the testimony in direct examination and left the effect of his testimony as a whole for the jury.

TORT. Writ in the First District Court of Eastern Middlesex dated December 5, 1934.

On removal to the Superior Court, the action was tried before *Baker*, J. There was a verdict for the plaintiff in the sum of $11,500. The defendant alleged exceptions.

*T. H. Mahony*, for the defendant.

*M. H. Goldman*, (*S. Fishman* with him,) for the plaintiff.

QUA, J. The plaintiff was injured, shortly after midnight, June 9, 1934, while riding from Lawrence to Reading as a guest passenger in an automobile driven by the

defendant. The accident was caused by the automobile running into the rear of another vehicle which was proceeding ahead of it in the same direction.

The case has been argued by both parties on the sole issue whether the defendant was guilty of gross negligence. We deal with it on that basis. A stipulation of the parties presented to us at the argument purporting to amend the bill of exceptions by making additions thereto cannot be considered. *Ashley* v. *Root*, 4 Allen, 504, 505. *Commonwealth* v. *Suffolk Trust Co.* 161 Mass. 550, 551. *Robinson* v. *Brown*, 182 Mass. 266, 267. *Tighe* v. *Maryland Casualty Co.* 216 Mass. 459.

The plaintiff's testimony as to what happened at the time of the accident was this: As they were travelling along the right hand side of the road shortly before reaching Reading Square, and as they "seemed to be making a turn in the road," the plaintiff, whose eyesight was very good, and who was looking forward, suddenly saw a dark object sixty to eighty feet ahead and said, "What's that? — Look out." Almost immediately thereafter the defendant's automobile ploughed into the back of the automobile ahead, and the plaintiff went through the windshield and bounced back onto the upper part of the front seat. There was no tail light on the automobile which was struck. The defendant's speed "shortly before the accident" was sixty or sixty-five miles an hour. There was evidence from other witnesses that "quite a loud crash" was heard a quarter of a mile away; that the automobile with which the defendant collided was being towed by a third vehicle; that the two vehicles in immediate collision with each other caught fire; and that no skid marks were observed from either vehicle on the dry, level, cement road.

If the case stood upon this evidence as to the events and conditions at the time of the collision, without more, we might have difficulty in finding enough to support the verdict and in distinguishing this case from *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, upon which the defendant relies. But there was evidence of a course of behavior of the defendant before and leading up

to the time and place of the accident which could be found to give color to his conduct at the moment of the accident. *Dean* v. *Bolduc,* 296 Mass. 15, 17. The plaintiff further testified that after leaving Lawrence at about midnight the defendant drove "quite fast" and passed numerous automobiles; that several times the plaintiff spoke to the defendant about speed, and in each instance the defendant slowed down, but later gradually increased his speed. The plaintiff said, "You are going pretty fast, Bert." The defendant said, "Yes," and slowed down. On one occasion the plaintiff's "notion" was that the speed was about sixty miles an hour. The last of these occasions was "shortly before the collision." The plaintiff's testimony on cross-examination that his "estimate" of speed was "merely a guess" and that he wanted to leave his testimony that way, fairly construed, falls short of a complete and final repudiation of his direct examination within the rule discussed in *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405. The effect of his testimony as a whole and whether it was an "estimate" or a "guess" were still for the jury. This additional evidence, interpreted with the aid of the further fact that the defendant had pleaded guilty to a criminal charge of operating negligently so as to endanger the lives and safety of the public under G. L. (Ter. Ed.) c. 90, § 24, amounted to more than a mere characterization of the speed as fast or very fast, which has been held to be practically meaningless, and had some tendency to show excessive and unreasonable speed and persistence in palpably negligent conduct over a considerable period of time, finally culminating in the accident. *Smith* v. *Axtman,* 296 Mass. 512. It seems to us that an element, the lack of which was largely decisive in *Lynch* v. *Springfield Safe Deposit & Trust Co.,* 294 Mass. 170, could be found to be present here, and that all the evidence together could be found to show gross negligence. *Channon* v. *Lynch,* 292 Mass. 316. *Dean* v. *Bolduc,* 296 Mass. 15. Compare *Kohutynski* v. *Kohutynski,* 296 Mass. 74.

*Exceptions overruled.*