WILSON, J. (Jones, P. J., and Sullivan, J.)
This is an action of tort in which the plaintiff seeks recovery under Count 1 for personal injuries, and under Count 2 for property damages sustained as the result of an automobile collision.
On Feb. 20, 1941, while said action was pending, counsel of record for the plaintiff and defendant filed in said action, an agreement for, “Judgment for the plaintiff Count 1, Seventy-five Dollars, without costs, and a further entry made of Judgment Satisfied,” which agreement was signed by counsel for both parties.
On May 13, 1941, the parties each then represented by the same counsel filed the following agreement, signed by said counsel:
“Agreement to Vacate Entry of Judgment and Judgment Satisfied.
“It is hereby agreed that in the above entitled action the entry of 'Judgment for the plaintiff and Judgment Satisfied, heretofore made herein be vacated.”
Said last named agreement was approved without objection by Arthur P. Stone, Justice of said Court, on May 15, 1941, and on that day the plaintiff, by the same attorney, filed a motion to amend his declaration by “striking out Count 1 thereof with reference to personal injuries.” Said motion to amend was allowed by said Justice. No objection or request for a report was ever made to said Justice or any justice of said court, except as hereinafter stated, and the action remained upon the docket of said court continued generally. The case came on for trial at a later date before a Special Justice of said court who found for the plaintiff on said Count 2. Both parties were then represented by other counsel.
Whether the issues argued are properly before us, in the *80 absence of a report showing that they were ruled before the justice who allowed the judgment to be vacated and reported by him, as required by G. L. (Ter. Ed.) c. 231, p. 108, has not been argued and we do not decide.
The most important of the issues before us is whether under the circumstances set forth in the report, where by agreement the counsel of record for both parties, having signed and filed an agreement for judgment and judgment satisfied, can later by agreement, so signed and filed and op' proved by the court vacate such a judgment and restore the case to the list for trial.
The agreement for judgment and judgment satisfied was by its terms confined to Count 1 and that agreement was bind' ing upon both in the absence of fraud.
In Brooks v. Twitchell, 182 Mass. 443, in which there was a motion to vacate a judgment, assented to in writing by at' torneys of record, for the judgment creditor, where there had been a failure to enter an appearance because of an agreement between counsel for the plaintiff and the defendant, resulting in a default and judgment, it was said at page 447:
“We see no good reason why if the same court which entered the judgment and all the parties to it assent in writing upon the record that the judgment shall be vacated and the case brought forward and tried this cannot be done.”
It is to be noted that in the case of Brooks v. Twitchell the judgment was still unpaid, whereas in the case at bar the agreement recited that it was satisfied.
So far as appears from the report the counsel who then represented both parties were fully empowered to make the agreement made by them in behalf of the parties and the same were entered into without fraud. See G. L. (Ter. Ed.) c. 231, p. 72. See also Dalton v. West End St. Ry. 159 Mass. 221, 223, and Medford v. Corbett, 302 Mass. 573, 574.
It seems clear (1) that the court had authority because of the general agreement of the parties and the approval of the court to vacate said • judgment, and (2) that this right still existed, even though the judgment purported by the terms of the agreement to be satisfied, where the parties could be re' stored to statu quo; and (3) it must be presumed because of the agreement to vacate the judgment that the rights of the parties could be and were so restored.
The plaintiff never agreed to settle for any damages claimed by him under Count 2 of his declaration. He was agreeing only that he would not pursue further personal injuries as an element of damage and still reserved his right to have the court enforce. Brooks v. Twitchell, supra. His attorney had no right to enter any other agreement of record. His attorney by virtue of his general employment had broad power and could do the things necessary or incidental to the prosecution and management of the case which would effect the remedy, *81 but had no such authority to deal with the cause of action itself. Precious v. O’Rourke, 270 Mass. 305, and cases there cited.
There is nothing in the decision in Dearden v. Hey, 304 Mass. 659, requiring a conclusion different from that here reached by us. There the plaintiff attempted to bring a new suit for personal injuries after one for property damage had been disposed of by the return of an execution satisfied. There was no attempt to vacate the judgment and the decision in the former action was, therefore, conclusive of all the rights of the plaintiff.
In the instant case both personal injuries and property damage were claimed in the same action but in separate counts. While such an action was pending, an agreement by the plaintiff that for a consideration he would forego making a claim for personal injuries was good. It could not affect his right to still press his claim for property damages as set out in the second count of his declaration in the same action.
The record contains no prejudicial error and the report is dismissed.