JOHN J. O'BRIEN *vs.* WARREN F. JANELLE.

Middlesex.    May 8, 1947. — May 28, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Negligence,* Contributory, Motor vehicle.

Recovery by a guest rider in an automobile for injuries sustained in an accident caused by gross negligence of the operator was not as matter of law barred by the mere fact that the guest had fallen asleep before the accident.

In an action by a guest rider in an automobile for injuries sustained in an accident caused by gross negligence of the operator, a ruling, that the plaintiff had been guilty of contributory negligence as a matter of law because he had fallen asleep before the accident, was error where there was evidence that he went to sleep involuntarily and that he had ridden with the operator on several occasions and never had noticed anything unusual about his operation of an automobile.

TORT.    Writ in the District Court of Somerville dated September 25, 1941.

Upon removal to the Superior Court the case was tried before *Beaudreau,* J.

*H. J. Williams,* for the plaintiff.

*J. P. Sullivan,* for the defendant.

LUMMUS, J.    The plaintiff, on July 10, 1941, was a guest rider in an automobile operated by the defendant, and was injured by the overturning of the automobile. There was evidence that the overturning was caused by the fact that the defendant was driving while asleep. The plaintiff testified that he too was asleep at the time of the injury, although

he tried to keep awake. The declaration alleged gross negligence of the defendant. The verdict was for the defendant.

The plaintiff excepted to the refusal by the judge to give the following ruling requested by him: "It is not every instance of surrender by a guest of all care for his own safety to the care and caution of his host, the driver of the car, that will bar recovery by the guest for the gross negligence of his host. It will have that effect only if such surrender is 'voluntary and unconstrained.'" The judge, subject to the exception of the plaintiff, charged the jury as follows upon the matter: "You cannot expect to fall asleep in a car and surrender all your care to the operator and recover in a case of this kind. If you find that to be so, that is evidence of contributory negligence, and it is evidence that prevents a recovery in a case of this kind."

The rulings of the judge find support in *Oppenheim* v. *Barkin*, 262 Mass. 281. But ordinarily in the law the right of a plaintiff to recover for negligence causing bodily harm to him cannot be defeated except by proof of his own contributory negligence or that of his servant. *Bessey* v. *Salemme*, 302 Mass. 188, 206. In the present case the act of the plaintiff in going to sleep might be negligent under some circumstances, as for example if he knew that the defendant was not a competent and careful driver. But here the plaintiff's testimony was that he went to sleep involuntarily, that he had ridden with the defendant on several occasions, and that he never had noticed anything unusual about the defendant's operation of his automobile. See *Dean* v. *Bolduc*, 296 Mass. 15, 18.

The rulings of the judge were in effect that going to sleep in an automobile is, on the part of a passenger, negligence as matter of law. Where he has no reason to fear incompetence or carelessness on the part of the operator as matter of law, we think such rulings cannot be sustained. The result to which we have come is in accord with decisions elsewhere. *Nelson* v. *Nygren*, 259 N. Y. 71. *Bushnell* v. *Bushnell*, 103 Conn. 583, 593. See also *MacGowan* v. *Mills*, 93 N. H. 84.

*Exceptions sustained.*