JOHN MOCKEVICIUS *vs.* ERNEST L. DAROIS.

Essex.    November 5, 1948. — December 2, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Contributory, Imputed.

In an action by a guest rider in one automobile against the operator of another for personal injuries sustained through a collision of the automobiles, it was error to rule in effect that, in case the collision was due to the concurrent negligence of both operators, the plaintiff could recover only if he had not abandoned care for his safety to the operator of the automobile in which he was riding and also had not been "guilty himself of contributory negligence."

TORT.    Writ in the District Court of Lawrence dated December 15, 1947.

Upon removal to the Superior Court, the action was tried before *Cahill,* J.

*J. B. Bagdoian,* for the plaintiff.

*A. A. Thomson,* for the defendant.

WILLIAMS, J.    This is an action of tort for personal injuries received in the collision of two automobiles in Lawrence on September 30, 1947. The plaintiff was a guest passenger in one of the automobiles, which was operated by Sauerman, a fellow employee of the plaintiff, who, at the plaintiff's request, was driving him home after work. The other automobile was driven by the defendant Darois. The bill of exceptions contains no description of the accident. After a verdict for the defendant the plaintiff excepted to a portion of the judge's charge and to the refusal of the judge, on request, to rule "that the plaintiff Mockevicius is not guilty of negligence, merely because he had abandoned his care to the driver, if he had no reason to fear incompetency or carelessness on the part of the driver, even though the driver of the car was negligent at the time of the accident." This ruling should have been given unless its subject matter was covered adequately by the judge's charge.

*O'Brien* v. *Janelle,* 321 Mass. 316. Thereafter the judge instructed the jury as follows: "if Mockevicius hasn't abandoned his safety into Sauerman's hands and if Mockevicius hasn't been guilty himself of contributory negligence, then he can recover. . . . Let me repeat it. If Mockevicius hasn't abandoned himself into Sauerman's hands — by in ·fact making Sauerman the agent for his safety, if he hasn't been guilty of contributory negligence by not warning, if he should have under the circumstance, Sauerman of approaching danger, or doing the thing that any ordinary normal person would, if he hasn't been guilty of that, then even though the taxi driver Sauerman may be guilty of contributory negligence and Darois guilty of negligence, he can recover." The charge conditioned the plaintiff's right to recover on both absence of abandonment of care for his safety to Sauerman and lack of contributory negligence. This was error.

On the case as presented the plaintiff was entitled to recover if negligence of the defendant contributed to cause the plaintiff's injuries and he, the plaintiff, was not lacking in due care. *Bessey* v. *Salemme,* 302 Mass. 188, 210. *O'Brien* v. *Janelle,* 321 Mass. 316.

<div align="right">

*Exceptions sustained.*