*Municipal Court of the City of Boston*

No. 365294

**RAY MUCCI'S, INC.**

v.

**SILVA REALTY CO., INC.**

(January 7, 1955)

*Roberts, J.* This is an action of contract based on account annexed in which the plaintiff seeks to recover the sum of sixteen hundred and thirty-five ($1,635) dollars for the sale and installation of kitchen cabinets in certain houses which the defendant was building at Nantasket Beach in the town of Hull. The defendant pleads a general denial and alleges that the work was not done in a workmanlike manner and that the merchandise was not delivered and services not rendered as set forth in the plaintiff's account annexed.

The plaintiff has a finding on its declaration.

On the evidence reported, the trial court was warranted in finding that the defendant corporation was engaged is building houses at Nantasket Beach, and had arranged with the plaintiff corporation to supply and install kitchen cabinets in several of their buildings which were then under construction, and that the volume of business between the parties had exceeded $7,000 in 1950. The report further states that there was evidence that the defendant's agent complained of faulty and inadequate installations and specifically mentioned the manner of installing certain mirrors and that such complaints were the subject of a discussion between the representatives of the parties.

While there is no further evidence reported we believe that we have a right to infer that the

materials were supplied, and the work was completed and that the issues of fact before the trial court concerned the adequacy of the installations, and whether the work performed was done in a workmanlike manner. The trial court made extensive findings of fact indicating that the sum of its finding represented an unpaid balance due for all of the material furnished and services rendered by the plaintiff on houses which the defendant was then building. The trial court also found that upon completion of the work invoices would be submitted to the defendant and that complaints were made by the defendant's agent of faulty installation and that the plaintiff made "necessary adjustments" and that all the houses involved had been sold. Moreover, neither party has raised any question concerning the adequacy of the evidence reported, and since the appellant in no way challenges the trial court's findings of fact and has chosen to confine the issue of law to be decided by this division to a narrow issue hereinafter stated, we treat all other matters as waived. *Drain, administratrix, v. Brookline Savings Bank,* 327 Mass. 435, 438.

As stated in the defendant's terms the sole question at issue is: "Where, after trial, the trial court has made a memorandum of findings and rulings of law, is it within the power of the trial court, after a draft report has been duly filed, to amend its memorandum of findings and rulings?"

The issue arose in the following manner. The defendant seasonably filed several requests for rulings, some of which were allowed and others denied as not being applicable to the facts found, but made no disposition of the defendant's seventh request for ruling. The court then found for the plaintiff. Subsequently, the defendant filed a draft report claiming (among other issues now waived) to be aggrieved in that the failure of the trial court to pass on the request constituted a denial. *Hetherington v. Firth,* 210 Mass. 8-17. Subsequently and before hear-

ing on the draft report the trial court amended its memorandum of findings and rulings as follows:

"The court amends its memo of findings and rulings to conform with its ruling on the defendant's request for ruling No. 7 as follows: 'allowed but inapplicable to facts found'."

It is difficult to understand the position of the defendant for it does not argue that there was error in the denial of any of its requests or that there was any incompatability or inconsistency between the findings of fact or evidence reported or the rulings made on any of its requests including the ultimate disposition of its seventh request. *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150; *DiLorenzo v. Atlantic National Bank,* 278 Mass. 321.

There is no merit in the defendant's argument that the trial court had no authority to amend its findings and rulings. To the contrary, there is ample authority that the trial judge could correct any inconsistencies in its ruling and make any finding of fact in explanation of its rulings which were required in the interest of justice. *Wolfe v. Laundre,* 327 Mass. 47-51. This is especially true where as in this case it had been called to the attention of the trial judge that he had failed to take action on one of the defendant's requests. *Sheriff v. Gillow,* 320 Mass. 46-49; *Peterson v. Hopson,* 306 Mass. 597, 599-602; *Falzone v. Burgoyne,* 317 Mass. 493, 498.

The case of *Tighe v. Maryland Casualty Co.,* 216 Mass., 459, cited by the defendant, not only does not sustain its contention, but in effect supports the position taken by this division.

*Report dismissed.*

Louis A. Zonderman, for the plaintiff.
James Zisman, for the defendant.